IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

FILED
JOHN P. HEHMAN
CLERK

2013 MAY 21 AM 11: 03

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

JANE DOE, a minor, through her father  ) CASE NO.
JOHN DOE                                )
c/o Santen & Hughes, LPA                )  **2:13CV0486**
600 Vine Street, Suite 2700             )
Cincinnati, Ohio 45202                  )
                                        )
         Plaintiff,                     )
                                        )  **COMPLAINT**
vs.                                     )
                                        )  • **VIOLATION OF 18 U.S.C. § 2252**
KEVIN C. BOLLAERT, an individual        )
1765 Garnet Avenue 27                   )  • **VIOLATION OF 18 U.S.C. § 2252A**
San Diego, California 92109             )
                                        )  • **VIOLATION OF O.R.C. § 2741.02**
         and                            )
                                        )  **INJUNCTIVE RELIEF SOUGHT**
ERIC S. CHANSON, an individual;         )
2 Columbia Place                        )  **JURY TRIAL DEMANDED**
Princeton Junction, New Jersey 08550-1816 )
                                        )  JUDGE FROST
         and                            )
                                        )
ROY E. CHANSON, an individual;          )  MAGISTRATE JUDGE ABEL
2 Columbia Place                        )
Princeton Junction, New Jersey 08550-1816 )
                                        )
         and                            )
                                        )
AMY L. CHANSON, an individual           )
2 Columbia Place                        )
Princeton Junction, New Jersey 08550-1816 )
                                        )
         and                            )

```
BLUE MIST MEDIA, LLC, a limited-      )
liability company of unknown origin, d/b/a )
"YOUGOTPOSTED"; and "JOHN ROE," an )
individual,                            )
c/o Domains by Proxy, LLC              )
14747 N. Northsight Blvd.              )
Suite 111, PMB 309                     )
Scottsdale, Arizona  85260             )
                                       )
          Defendants.                  )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL
## (INJUNCTIVE RELIEF SOUGHT)

Plaintiff Jane Doe, through her father John Doe (collectively, the "Plaintiff"), hereby files this suit seeking damages for the Defendants' distribution of her actually sexually explicit images, containing the lascivious display of her genitals or pubic area when she was younger than 18 years of age, against Kevin C. Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, Blue Mist Media LLC, and "John Roe" (collectively, the "Defendants"), and alleges as follows:

### I. Introductory Statement

This action arises from Defendants' distribution of child pornography. Defendants Kevin C. Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC (the "Website Defendants") operate the website "YouGotPosted," through which they distribute "involuntary" or "revenge" pornography. The Website Defendants' revenge pornography site can be accessed from domain names including <ugotposted.com>, <ugotposted.org>, and <ugotposted.net>. The Website Defendants' business model depends upon stealing or improperly obtaining sexually explicit photographs of unwitting victims -- photographs which these victims consider to be private and have not authorized anyone to distribute, much less disseminate to the general public. Not only do the Website Defendants encourage and likely

2

participate in this theft, they publish this involuntary pornography on the Internet for their personal financial gain.

Not content to simply publish these victims' photographs, the Website Defendants also engage in a form of stalking: the Website Defendants identify the subjects of the sexually explicit photographs, and then publish not only the sexually explicit photographs, but the victims' full names, where they live, and links to their personal Facebook pages, as well. The Website Defendants do not verify the ages of any of the subjects of the actual sexually explicit content that they publish, nor do they maintain any records as required by law.

Upon information and belief, Jane Doe's ex-boyfriend, John Roe (a pseudonym), provided her images to the Website Defendants. John Roe did this to exact his revenge on Plaintiff for the termination of their romantic relationship, fulfilling the purpose of the Website Defendants' site. Because of John Roe's submission of Plaintiff's photographs to YouGotPosted, the Website Defendants' commercial website published her images – lewd and lascivious images of her as a minor – making the Website Defendants commercial child pornographers.

The legitimate adult entertainment industry complies with 18 U.S.C. § 2257 and its complementary regulations within 28 C.F.R. § 75 *et seq.*, requiring publishers of actual sexually explicit material to maintain certain records of their productions, including archived government-issued identification for models contained within the pornographic images. Producers must also maintain copies of these records kept pursuant to 18 U.S.C. § 2257 and make them available for inspection by law enforcement. In doing so, legitimate adult entertainment publishers obtain model releases, signed by the subjects of their work, to remove any doubt that the men and

women in their productions are both adults and consenting parties to the commercial use of their likenesses.

The Defendants may claim that they did not know that Plaintiff was a minor in the photographs at issue. Such a defense, however, is unavailing: First, it is incumbent upon Defendants to make such a determination *prior* to publication and distribution of her images – not after; second, had the Website Defendants sought Plaintiff's *permission* prior to commercially exploiting her likeness and image, she would have informed them that she was a minor when such images were created and refused to agree to the Website Defendants' publication. Finally, the Website Defendants failed to adhere to 18 U.S.C. § 2257 as required by law. If they had followed this statute, they would have realized that Plaintiff was a minor when the images were created. These factors illustrate that Defendants were at least wantonly reckless as to whether Jane Doe was a minor and whether she consented to the Website Defendants' commercial use of her image.

Defendants have violated a number of Plaintiff's statutory and common law rights. Jane Doe has suffered pain, humiliation, and psychological injury as a result of Defendants' knowing, willful, or wantonly reckless acts. Congress and the Ohio legislature have enacted laws that give civil remedies to minors victimized by child pornography, which they may assert against the producers and distributors of that material. Moreover, Defendants have infringed upon Plaintiff's privacy rights and right to control the commercial use of her name, image and likeness.

On these bases, Plaintiff seeks redress for the injuries Defendants have inflicted upon her.

4

## II. Jurisdiction and Venue

1. This Court has subject matter jurisdiction over this matter pursuant to the Constitution and laws of the United States, particularly 28 U.S.C. § 1331 and 18 U.S.C. § 2255. This Court has supplemental jurisdiction over this matter's state law claims under 28 U.S.C. § 1367(a).

2. This Court has personal jurisdiction over Defendant Kevin C. Bollaert based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Ohio, including Jane Doe, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the Southern District of Ohio of the State of Ohio.

3. This Court has personal jurisdiction over Defendant John Roe based upon the following: (a) he submitted images of Jane Doe, a minor and resident of Perry County, within the Southern District of Ohio, to the Website Defendants over the Internet; and (b) John Roe resides within the Southern District of the State of Ohio.

4. This Court has personal jurisdiction over Defendant Eric S. Chanson based upon the following: (a) he operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Ohio, including Jane Doe, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the Southern District of the State of Ohio.

5. This Court has personal jurisdiction over Defendant Roy E. Chanson based upon the following: (a) he actively participates, and materially assists Eric S. Chanson, in operating websites on the World Wide Web that are accessible to and specifically target residents of the

State of Ohio, including Jane Doe, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the Southern District of the State of Ohio.

6. This Court has personal jurisdiction over Defendant Amy L. Chanson based upon the following: (a) she actively participates, and materially assists Eric S. Chanson, in operating websites on the World Wide Web that are accessible to and specifically target residents of the State of Ohio, including Jane Doe, and (b) he committed acts that he knew or should have known would cause injury to Plaintiff within the Southern District of the State of Ohio.

7. This Court has personal jurisdiction over Defendant Blue Mist Media LLC based upon the following: (a) it operates websites on the World Wide Web that are accessible to and specifically target residents of the State of Ohio, including Jane Doe, and (b) it committed acts that it knew or should have known would cause injury to Plaintiff within the Southern District of the State of Ohio.

8. Venue in the United States District Court for the Southern District of Ohio at Columbus is proper because Plaintiff resides in Perry County, Ohio and one or more of the acts complained of herein occurred within Perry County, Ohio. Defendants, through their website, directed their unlawful activities into the Southern District of Ohio at Columbus, and Plaintiff's injuries were suffered within the Southern District, at Columbus.

### III. Parties
### A. Plaintiff

9. Jane Doe and John Doe have, at all material times, been residents of Ohio and resided within this District.

10. Jane Doe was younger than 18 years of age at the time the images complained of, which appear upon Defendants' website, were created.

11. Jane Doe was sixteen years of age at the time the images of her engaged in graphic lascivious exhibition of her genital or pubic area were created and distributed on the Defendants' website.

### B. Defendants
### "John Roe"

12. Defendant John Roe is an individual residing within Ohio and the ex-boyfriend of Jane Doe.

13. Doe distributed images of Jane Doe engaged in graphic lascivious exhibition of her genital or pubic area to the Website Defendants and was the images' source of origin for the operators of YouGotPosted.

### Kevin C. Bollaert

14. Upon information and belief, Defendant Kevin C. Bollaert is an individual residing in San Diego, California. (Exhibit 1)

15. Bollaert is an operator of the YouGotPosted website and has applied for a trademark for the site's mark with the United States Patent ant Trademark Office. (Exhibit 1)

16. Bolleart is a partner with and alter-ego of Defendant Blue Mist Media LLC

### Eric S. Chanson

17. Upon information and belief, Defendant Eric S. Chanson is an individual residing in the State of New Jersey and an operator of the YouGotPosted website.

18. Defendant Eric S. Chanson regularly communicated with and worked with Defendant Bollaert in running YouGotPosted. (Exhibit 2)

19. Eric S. Chanson is a partner with and alter-ego of Defendant Blue Mist Media LLC.

### Roy E. Chanson

20. Upon information and belief, Defendant Roy E. Chanson is an individual residing in the State of New Jersey and the father of Defendant Eric S. Chanson.

21. Upon information and belief, Roy E. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website, which include the child pornography at issue in this litigation.

22. Therefore, Defendant Roy E. Chanson is alleged to be a partner of Defendants Bollaert, and Eric S. Chanson within and as an alter-ego of Defendant Blue Mist Media LLC.

### Amy L. Chanson

23. Upon information and belief, Defendant Amy L Chanson is an individual residing in the State of New Jersey and the mother of Defendant Eric S. Chanson.

24. Upon information and belief, Amy L. Chanson supervised, assisted, and participated in the formatting and distribution of the images appearing on the YouGotPosted website, which include the child pornography at issue in this litigation.

25. Therefore, Defendant Amy L. Chanson is alleged to be a partner of Defendants Bollaert, and Eric S. Chanson within and as an alter-ego of Defendant Blue Mist Media LLC.

### Blue Mist Media LLC

26. Upon information and belief, Defendant Blue Mist Media LLC ("Blue Mist") is an unincorporated business entity and on information and belief is a partnership between, and alter ego of, Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, and Amy L. Chanson.

27.     Each of the individual defendants provided valuable services to Blue Mist and materially contributed to Blue Mist's operation of the YouGotPosted website along with its alter-egos.

### IV. Allegations Common to All Claims

28.     The Website Defendants collectively operate the website "YouGotPosted," which is available at <ugotposted.com>, its mirror site <yougotposted.com>, and permutations of these domain names including <ugotposted.org> and <ugotposted.net>.

29.     YouGotPosted is a "revenge pornography" site. Revenge Pornography refers both to the nature of the site's content – depicting individuals in lascivious poses or states of undress, or engaged in sexually explicit conduct – and the means through which it is obtained: through submissions by former romantic partners seeking revenge by embarrassing their targets and distributing their intimate photographs to sites such as YouGotPosted.

30.     On information and belief, YouGotPosted does not maintain records under 18 U.S.C. § 2257 despite being a primary publisher of digitally altered content.

31.     Additionally, Plaintiff alleges on information and belief that YouGotPosted does not independently verify that the individuals identified on its site are older than 18 years of age.

32.     On or before January 13, 2013, John Roe used the Internet to transmit the sexually explicit images of Jane Doe engaged in the graphic lascivious exhibition of her genital or pubic area to the Website Defendants. Beginning on January 13, 2013 the Website Defendants distributed images of Plaintiff using YouGotPosted. Visitors to the YouGotPosted site were free to comment upon and discuss these images within the website entry that contained them.

33.     Defendants titled the site entry containing lewd and lascivious images of Plaintiff "[Jane Doe] from [Jane Doe's locale], Ohio," and further "tagged" the post – associating it with

9

an index term that would categorize the site entry with others bearing the same tag – with the word "Ohio."

34. Each and every one of these photos of Plaintiff has been watermarked by Defendants and bears their "You Got Posted" logo.

35. Upon information and belief, the Website Defendants' watermarking process is a manual procedure, requiring Defendants to individually review and add watermarks to each image found on YouGotPosted, including those of Plaintiff.

36. Jane Doe was younger than 18 years of age at the time each and every one of these lewd and lascivious images was created, and is younger than 18 years of age today.

37. Anonymous individuals have previously accused the Website Defendants of possessing and distributing child pornography in the past as well. (Exhibit 3)

38. Thus, while the events underlying this litigation are unfortunate, it is unlikely that they are novel for YouGotPosted or constitute the first time that the Website Defendants exploited a minor's sexually explicit images for commercial gain.

## V. Causes of Action
### Count One: Transporting Material Involving the Sexual Exploitation of a Minor in Violation of 18 U.S.C. § 2252(a)(1) Against All Defendants

39. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

40. Defendants knowingly transported, or caused to be transported, in interstate or foreign commerce, a visual depiction of a minor engaging in the graphic lascivious exhibition of her genital or pubic area, the production of which actually involved the use of a minor engaging in graphic lascivious exhibition of her genital or pubic area.

41. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants' for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

## Count Two: Receiving or Distributing Material Involving Sexual Exploitation of a Minor in Violation of 18 U.S.C. § 2252(a)(2)
### Against All Defendants

42. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

43. Defendants knowingly received or distributed in interstate or foreign commerce a visual depiction of a minor engaged in graphic lascivious exhibition of her genital or pubic area, the production of which actually involved the use of a minor engaging in graphic lascivious exhibition of her genital or pubic area.

44. Defendants knew that at least one of the performers in the images was a minor, and knew that the images depicted a minor engaged in graphic lascivious exhibition of her genital or pubic area.

45. At the time of their actions, Defendants had actual knowledge, constructive knowledge, or were wantonly reckless that the images constituted child pornography.

46. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

11

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Three: Knowingly Receiving or Distributing Child Pornography in Violation of 18 U.S.C. § 2252A(a)(2) Against All Defendants

47. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

48. Defendants knowingly received or distributed items of child pornography or material that contained child pornography, specifically the images of Jane Doe engaged in graphic lascivious display of her genitals or pubic area, which had been transported in interstate or foreign commerce.

49. At the time of such reception or distribution, Defendants believed that the images constituted child pornography.

50. Even if Defendants did not have actual knowledge that the images constituted child pornography, their refusal to comply with 18 U.S.C. § 2257 rendered them at least wantonly reckless in failing to ascertain the fact that the images were of child pornography.

51. Furthermore, a reasonable person's inspection of the images depicting Jane Doe would lead to the conclusion, or at least the strong suspicion, that Plaintiff was a minor at the time the images were created. Thus, Defendants had actual or constructive knowledge of the fact that the images of Plaintiff (as likely may be the case with other women depicted on YouGotPosted) were child pornography.

52. At the time of Defendants' actions, they had actual or constructive knowledge that the images of Jane Doe constituted child pornography, or were wantonly reckless as to this fact,

12

and thus are charged with knowledge of the facts to which they were wantonly reckless in failing to ascertain.

53. As a direct and proximate result of Defendants' conduct, Jane Doe has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Four: Knowingly Advertising Child Pornography in Violation of 18 U.S.C. § 2252A(a)(3) Against Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC

54. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

55. The Website Defendants knowingly reproduced child pornography for distribution through interstate or foreign commerce via the Internet on YouGotPosted.

56. The Website Defendants knowingly advertised, promoted, presented, distributed, or solicited through interstate or foreign commerce, namely by soliciting content for YouGotPosted and displaying sexually explicit images of Jane Doe engaged in the graphic lascivious exhibition of her genital or pubic area, material that reflected the Website Defendants' shared belief, or was intended to cause another to believe, that the material or purported material is or contained a visual depiction of an actual minor (namely, Plaintiff) engaging in sexually explicit conduct.

13

57. Even if the Website Defendants did not have actual knowledge that the images of Jane Doe constituted child pornography, by their refusal to comply with 18 U.S.C. § 2257, they were wantonly reckless in failing to ascertain the fact that the images were of child pornography.

58. Furthermore, an inspection of the images of Jane Doe by a reasonable person would lead to the conclusion, or at least the strong suspicion, that Jane Doe was a minor at the time the images were created. Thus, the Website Defendants had actual or constructive knowledge of the fact that the images of Plaintiff (as likely may be the case with other women depicted on YouGotPosted) were child pornography.

59. At the time of the Website Defendants' actions, they had actual or constructive knowledge that the images of Jane Doe constituted child pornography, or were wantonly reckless as to ascertaining this fact, and thus are charged with knowledge of the facts to which they were wantonly reckless by failing to ascertain.

60. As a direct and proximate result of the Website Defendants' conduct, Jane Doe has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against the Website Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Five: Violation of Ohio Revised Code § 2741.02
### Against Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC

61. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

62. The Website Defendants have, without Plaintiff's knowledge or consent, knowingly used Jane Doe's image and likeness on their website.

63. Jane Doe was a minor at the time the images of her at issue in this case used were taken, a fact Defendants knew, should have known, or were wantonly reckless in failing to ascertain due to their non-compliance with 18 U.S.C. § 2257, and failed to obtain the prior consent of Jane Doe's parent or legal guardian before using Jane Doe's image or likeness.

64. The Website Defendants derived a pecuniary benefit from their unauthorized use of Jane Doe's image and likeness to advertise their business and promote their service through the site's promotional banner image, all in violation of Plaintiff's rights under Ohio Revised Code § 2741.02.

65. By their unauthorized use of Plaintiff's image and likeness to advertise their business and promote their service, Defendants violated Plaintiff's rights of privacy.

66. As a direct and proximate result of the Website Defendants' conduct depriving Jane Doe of control over her own image and likeness, Plaintiff has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

67. Plaintiff also seeks to recover as damages an amount that would have been a reasonable royalty for the Website Defendants' use of Jane Doe's image and likeness (had such

use been legal), any profits from Defendants' unauthorized use of Plaintiff's image and likeness, and punitive damages as authorized by statute.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, punitive damages, treble damages, and injunctive relief as allowed by O.R.C. § 2741.07, in addition to interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Six: Negligence
### Against All Defendants

68. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

69. Title 18 of the United States Code, Section 2257, sets forth record-keeping requirements applicable to anyone who produces any medium containing one or more sexually explicit images of Jane Doe engaged in the graphic lascivious exhibition of her genital or pubic area. Section 2257 requires these individuals or entities to inspect a government-issued form of identification to determine the name and birth date for every performer portrayed in a depiction of actual sexually explicit conduct, and to maintain records relating to such inspection at their business premises.

70. Defendants owed Jane Doe a duty to verify her identity and birth date prior to distributing through interstate commerce the images of her engaged in graphic lascivious exhibition of her genital or pubic area.

71. Defendants breached this duty to Jane Doe by failing to verify her identity or birth date prior to posting the images of Plaintiff engaged in sexually explicit conduct on the Internet.

72. As a result of Defendants' conduct, Jane Doe has suffered severe emotional distress, humiliation, embarrassment, pain and suffering, and damage to her personal and professional reputation.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

### Count Seven: Invasion of Privacy – Misappropriation of Likeness in Violation of Ohio's Common Law Against Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media LLC

73. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

74. Jane Doe is a citizen of the state of Ohio, and Defendants either actually knew, or should have known of her status as a Ohio citizen, or were wantonly reckless in failing to ascertain this fact, and thus are charged with knowledge of the facts to which they were wantonly reckless in failing to discern.

75. The Website Defendants used Jane Doe's image and likeness on their website without Plaintiff's consent.

76. The Website Defendants gained pecuniary benefit from the unauthorized use of Plaintiff's image and likeness, and therefore benefitted from their unauthorized use of her image, likeness, and identity.

77. By their unauthorized use of Jane Doe's image and likeness to promote their service, Defendants invaded Plaintiff's rights of privacy.

78. As a direct and proximate result of the Website Defendants' conduct, Jane Doe has suffered injuries including but not limited to humiliation, embarrassment, pain and suffering, severe emotional distress, and damage to her personal and professional reputation.

79. Plaintiff also seeks to recover as damages an amount that would have been a reasonable royalty for the Website Defendants' use of Jane Doe's image and likeness (had such use been legal).

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants for damages, interest, attorneys' fees and costs, and such further relief as this Court deems just and proper.

## Count Eight: Temporary and Permanent Injunctive Relief and Constructive Trust Against All Defendants

80. Plaintiff re-alleges each and every preceding paragraph as if set forth in full herein.

81. The Defendants' actions as described herein have resulted in immediate and serious injury to Plaintiff.

82. An award of monetary damages alone cannot fully compensate Plaintiff for the injuries sustained due to Defendants' actions, and there is no adequate remedy at law available to Plaintiff.

83. Plaintiff will be irreparably injured unless Defendants are enjoined from further violations of the law, as described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter a temporary and permanent injunction restraining and enjoining Defendants, their agents, servants, employees, and anyone else in active concert and participation with Defendants, from further possession,

use, sale, advertisement, distribution, transportation, reproduction, or any other action involving the images of Plaintiff underlying this action.

### VI. Jury Trial Demand

Plaintiff demands a trial by jury on all claims so triable.

Dated: May 17, 2013

Respectfully Submitted,

/s/ H. Louis Sirkin

H. Louis Sirkin, Ohio Bar No. 0024573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

Marc J. Randazza (*pro hac vice* pending)
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

*Attorneys for Plaintiffs,*
*Jane and John Doe*