FILED
JOHN P. HEHMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

2013 MAY 21  AM 11: 04

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| JANE DOE, through her father JOHN DOE, | ) | CASE NO. _____ |
| | ) | |
| Plaintiff, | ) | **2:1 3 C V 0 4 8 6** |
| | ) | |
| vs. | ) | **PLAINTIFF'S MOTION FOR** |
| | ) | **PROTECTIVE ORDER** |
| KEVIN C. BOLLAERT, an individual; | ) | **WITH ATTACHED MEMORANDUM OF** |
| ERIC S. CHANSON, an individual; | ) | **LAW AND AUTHORITIES IN SUPPORT** |
| ROY E. CHANSON, an individual; | ) | **OF PLAINTIFF'S MOTION FOR** |
| AMY L. CHANSON, an individual; BLUE | ) | **PROTECTIVE ORDER** |
| MIST MEDIA, LLC, a limited-liability | ) | |
| company of unknown origin, d/b/a | ) | **JUDGE FROST** |
| "YOUGOTPOSTED"; and "JOHN ROE," an | ) | |
| individual, | ) | **MAGISTRATE JUDGE ABEL** |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Jane Doe, a minor, and her father John Doe (collectively the "Plaintiff" unless otherwise identified), hereby file this Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and states the following in support of this Motion. Plaintiff incorporates by reference the allegations of the Complaint (ECF 1) and all exhibits thereto. This Motion is based on all other filings in this case, the memorandum of law attached hereto, any further briefing required in this matter, and any oral argument the Court may allow.

Respectfully Submitted,

H. Louis Sirkin, Ohio Bar No. 0024573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

Marc J. Randazza (*pro hac vice* pending)
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

*Attorneys for Plaintiffs,*
*Jane and John Doe*

## MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Plaintiff files this memorandum of law and authorities in support of the pending Motion for Protective Order, so that Plaintiffs may proceed in this action anonymously. For the reasons set forth herein, there is good cause and clear need for Plaintiff to proceed anonymously in this action, so that the harms complained of cannot proliferate or become more damaging for Plaintiff, and the Court should grant the instant motion.

### I.      Introduction

Plaintiff has filed a Complaint alleging multiple violations of 18 U.S.C. § 2251, *et seq.*, pertaining to the sexual exploitation of children and other violations of Ohio law against a number of defendants. These causes of action arise from the Defendants' distribution and publication of Plaintiff's photographs of her as a minor, engaged in the graphic lascivious

2

display of her genitals or pubic area, and certain Defendants' monetization of these images. Moreover, this case involves allegations against a number of defendants arising from their distribution and transportation of images of the Plaintiff, engaged in the graphic lascivious display of her genitals or pubic area as a minor, over the Internet.

Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media, are jointly, severally, and in concert with one another, engaged in the commercial distribution of "revenge porn," including the commercial distribution of child pornography. These defendants conduct their enterprise electronically, using computer servers and equipment across the country as they operate in locations remote from one another. These defendants monetize their sites through advertising revenue and other currently unverified sources of income, possibly including a scheme where these Defendants are the sole providers of image removal services for their site, wherein they will remove the names and nude images of individuals from their site who choose to pay a substantial fee.

There is no legitimate purpose served by disclosing Plaintiff's true identity in the pleadings and other filings in this case. If Plaintiff's true identity were publicly disclosed in this case, she would be subjected to a serious additional invasion of her right to privacy in this newsworthy case, and her personal, economic, educational, and family interests would be compromised. Given the conduct of the Defendants precipitating this litigation, it is likely that this harm and harassment would originate from them.

## II.     Argument

### A. Plaintiff Should Be Allowed to Proceed Anonymously Under Controlling Precedent.

Under precedent established by the United States Court of Appeals for the Sixth Circuit, a party seeking to proceed anonymously or pseudononymously must obtain leave of the Court to

do so. *Doe v. Porter*, 370 F.3d 558, 556 (6th Cir. 2004).  In determining whether a party may

have leave to proceed anonymously or pseudononymously, loosening the strictures of Federal

Rule of Civil Procedure 10, courts consider four non-exclusive factors, including:

1. whether the plaintiffs seeking anonymity are suing to challenge governmental activity;
2. whether prosecution of the suit will compel the plaintiffs to disclose information 'of the utmost intimacy'
3. whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and
4. whether the plaintiffs are children.

*Porter*, 370 F.3d at 446, *citing Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981).  This

decision is a matter of the Court's discretion. *Porter*, 370 F.3d at 446, *citing Samad v. Jenkins*,

845 F.2d 660, 663 (6th Cir. 1988).

The second and fourth factors identified in *Porter* and *Stegall* most squarely address Jane

and John Doe in this case.  Plaintiff was a minor at the time of the Defendants' creation and

distribution of the images at issue through interstate commerce, which depict the graphic

lascivious display of her genitals or pubic area.  As of the time of this filing, Plaintiff is still a

minor.  In the course of prosecuting this suit, Plaintiff will have to confront these images, which

are available on the Defendants' website, and admit that it is her depicted within them.  She will

also have to address difficult and deeply personal questions about her relationship with her ex-

boyfriend, a defendant in this action, who initially distributed these images.  While her father is

an adult, revelation of his identity would effectively identify Jane Doe – a reality observed in

*Stegall*, where the parent of the minor plaintiffs was also allowed to proceed anonymously. 653

F.2d at 180, 185-86.

Existing precedent promulgated or adopted by this Circuit supports this Court allowing

Plaintiff proceeding anonymously. In *Porter*, the Appeals Court held that the trial court properly

4

allowed the plaintiffs to proceed anonymously where they were minors and prosecution of the suit would pry into their religious beliefs, which the court described as "perhaps the quintessentially private matter." 370 F.3d at 360, *quoting Stegall*, 653 F.2d at 186. The "special status and vulnerability" of minors, as well as potential harm, "ostracization," and "fundamental privateness" of disputes affecting minors weigh in favor of anonymity for the plaintiffs – including their parents, who are required to join as parties in order to sustain actions brought by their minor children. *Stegall*, 653 F.2d at 186. Not only is the Plaintiff in this case a minor, but the subject matter of this dispute – the distribution of child pornography depicting her – encompasses her sexuality and sexual conduct, which are at least as private, if not more so, than the question of individual religion. *See Lawrence v. Tex.*, 539 U.S. 558 (2003); *Roe v. Wade*, 410 U.S. 113 (1973); *Griswold v. Conn.*, 381 U.S. 479 (1965).

## B. Plaintiff Should Be Allowed to Proceed Anonymously Under Fed. R. Civ. P. 26(c).

Additionally, Federal Rule of Civil Procedure 26(c)(1) allows the Court to enter an order protecting a party from undue annoyance, embarrassment, or oppression. The United States Supreme Court has recognized the necessity of trial courts having the "authority to issue protective orders," as "it is clear from experience that pretrial discovery [...] has a significant potential for abuse." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984). This abuse is "not limited to matters of delay and expense," but "also may serious implicate privacy interests of litigants." *Id.* While judicial proceedings are presumptively public, the United States Court of Appeals for the Sixth Circuit has recognized that restriction may be necessary to protect "certain privacy rights." *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983).

This Court has previously entered protective orders prohibiting the public disclosure of sensitive personal data that, while private, was fundamentally less private that the Plaintiff's interests in this case. In *Quinn v. ConAgra Foods Packaged Foods LLC*, the court expanded the parties' previously stipulated protective order to include materials within employee personnel files held by the Plaintiff. Case No. 3:09-cv-214 *2010 WL 3603780* at *1-2 (S.D. Ohio Sept. 20, 2010). This Court has also stated that tax records may be covered by an appropriate protective order. Bricker v. R&A Pizza, Inc., Case No. 2:10-cv-278 *2011 WL 1990558* at *4 (S.D. Ohio May 23, 2011). This Court has even authorized the entry of protective orders for the benefit of third parties not named in pending litigation. *Berryman v. SperValu Holdings, Inc.*, Case No. 3:05-cv-169 *2008 WL 4394007* at *5-6 (S.D. Ohio Nov. 18, 2008).

As alleged in the Complaint, this action relates to the minor Defendants' online exploitation of Plaintiff in one of the most private and invasive ways imaginable. Her ex-boyfriend distributed an image of her engaged in graphic lascivious display of her genitals or pubic area to the other Defendants' website. These secondary Defendants financially benefitted from the unlawful display of Plaintiff's, by deriving advertising revenue and valuable Internet traffic from the display of her sexually explicit image. Plaintiff has no recourse but to bring this suit. However, if forced to do so under her own name – or under the name of her adult guardian, through whom she would be immediately identified – she would be subject to great embarrassment and harassment. The Defendants have already succeeded at distributing her real name in connection with images of her engaged in sexually explicit conduct throughout the Internet. It is remarkably easy to believe that individuals who have already crossed that rubicon would further harass and annoy her online, and encourage others to do so for them.

6

### III.    Conclusion

For the foregoing reasons, Plaintiff's motion for protective order should be granted. Under case law promulgated by the United States Court of Appeals for the Sixth Circuit and this Court's interpretation of Federal Rule of Civil Procedure 26(c), there is no legitimate reason to require Plaintiff to proceed under her legal name in this action.  Requiring her to do so would only compound the injuries she has brought this suit to redress.


Dated: May 17, 2013


Respectfully Submitted,


H. Louis Sirkin, Ohio Bar No. 0024573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

Marc J. Randazza (*pro hac vice* pending)
Randazza Legal Group
6525 W. Warm Springs Rd., Ste. 100
Las Vegas, NV 89118
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

*Attorneys for Plaintiffs,*
*Jane and John Doe*

7