FILED
JOHN P. HEHMAN
CLERK

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

2013 JUL 29 AM 11: 21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| JANE DOE, a minor, through her father JOHN DOE<br>c/o Santen & Hughes, LPA<br>600 Vine Street, Suite 2700<br>Cincinnati, Ohio 45202<br><br>    Plaintiff,<br><br>vs.<br><br>KEVIN C. BOLLAERT, an individual<br>1765 Garnet Avenue 27<br>San Diego, California 92109<br><br>    and<br><br>ERIC S. CHANSON, an individual;<br>2 Columbia Place<br>Princeton Junction, New Jersey 08550-1816<br><br>    and<br><br>ROY E. CHANSON, an individual;<br>18 Peabody Lane<br>Mercerville, New Jersey 08619<br><br>    and<br><br>AMY L. CHANSON, an individual<br>18 Peabody Lane<br>Mercerville, New Jersey 08619<br><br>    and<br><br>BLUE MIST MEDIA, LLC, a limited liability company of unknown origin, d/b/a "YOUGOTPOSTED"; and "JOHN ROE," an individual,<br>c/o Domains by Proxy, LLC<br>14747 N. Northsight Blvd.<br>Suite 111, PMB 309<br>Scottsdale, Arizona 85260<br><br>    Defendants. | CASE NO. 2:13 CV 0486<br><br>Assigned to:<br>Judge Gregory L. Frost<br>Magistrate Judge Mark R. Abel<br><br>**DEFENDANT ERIC S. CHANSON MOTION TO DISMISS COMPLAINT AGAINST HIM PURSUANT TO RULE 12(b)(2); MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DECLARATION OF ERIC S. CHANSON |

## MOTION TO DISMISS PURSUANT TO RULE 12(b)(2)

Pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, Defendant Eric S. Chanson, appearing *pro se*, respectfully move this Court to dismiss the Plaintiff's case against him for lack of personal jurisdiction. This Motion is based on the following memorandum of points and authorities, the declaration of the Defendant Eric S. Chanson, and the pleadings filed in this action.

DATED this 26th day of July, 2013.

*[signature]*

**ERIC S. CHANSON**
2 Columbia Place
Princeton Junction, NJ 08550
*Defendant*

## MEMORANDUM OF POINTS AND AUTHORITIES

### BACKGROUND

This action arises from the alleged distribution of allegedly pornographic photographs of the Plaintiff taken when she was under the age of eighteen. The Plaintiff contends that the Defendant, distributed allegedly lewd and lascivious images of the Plaintiff through a website. All the Plaintiff's allegations against the Defendants are based "upon information and belief." *See* Complaint ¶ 20 – 26. Additionally, the Plaintiffs allege that Eric S. Chanson Defendant resides in the state of Ohio.

### STANDARD OF REVIEW

Eric S. Chanson Defendant moves this Court to dismiss this case under Rule 12(b)(2) (lack of personal jurisdiction). In determining whether to grant a dismissal under Rule 12(b)(2), the Plaintiff's burden is to make a *prima facie* showing that personal jurisdiction

2

exists. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("The plaintiff bears the burden of establishing that jurisdiction exists"). When faced with a motion to dismiss for lack of personal jurisdiction, the Court may hold an evidentiary hearing or decide the issue on the basis of the briefs and affidavits alone. *Id.* When the Court determines the issue solely on the basis of the briefs and affidavits, the plaintiff must make a *prima facie* showing of personal jurisdiction. *Id.* The Court must view the pleadings, briefs and affidavits in the light most favorable to the plaintiff. *Id.* at 1459; *see also Estate of Thomson v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008). However, the Plaintiff must bear this burden for each of the defendants individually and it is not enough to meet the burden for any one of the defendants only. *See Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) ("Each defendant's contacts with the forum State must be assessed individually").

## ARGUMENT

Eric S. Chanson Defendant is an out-of-state defendant and the Plaintiff has failed to show in her Complaint that the Defendant Eric S. Chanson is amenable to suit in this district. The Sixth Circuit applies a two-part test to determine if personal jurisdiction exists. *Logan Farms v. HBH, Inc. DE*, 282 F.Supp.2d 776, 795 (S.D.Ohio 2003). First, the federal court must determine if the law of the forum state, Ohio in this case, provides for personal jurisdiction. *Nationwide Mutual Insurance Co. v. Tryg International Insurance Co., Ltd.*, 91 F.3d 790, 793 (6th Cir.1996). If so, the federal court must then determine if the personal jurisdiction comports with due process. *Id.*

The Sixth Circuit has explained that there are two kinds of personal jurisdiction that can be exercised, general and specific. *Brunner v. Hampson*, 441 F.3d 457, 463 (6th Cir.2006). General jurisdiction exists when the defendant's contacts with the forum state are "substantial" and "continuous and systematic," such that the state may exercise personal jurisdiction even if the action does not relate to the defendant's contacts with the state. *Youn*

3

*v. Track, Inc.*, 324 F.3d 409, 418 (6th Cir.2003). Specific jurisdiction exists when the contacts giving rise to jurisdiction related to the claim that is before the court. *Id.*

The Plaintiff has not shown or even alleged that the Defendant, Eric S. Chanson has extensive in-state contacts with Ohio or that he conducts any activities within the state – let alone substantial and continuous activities. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) ("The plaintiff bears the burden of establishing the existence of jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir.2006)"); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) ("in the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleadings"). Plaintiff has not met its burden and this Court has no general *in personam* jurisdiction over the Defendant Eric S. Chanson.

Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a particularized inquiry wholly separate from the analysis of Federal Due Process law.

Ohio's long-arm statute grants Ohio courts personal jurisdiction over a non-resident if his conduct falls within the nine bases for jurisdiction listed by the statute[1]. *See* Ohio Rev.Code Ann. § 2307.382(A), (C) (1988). The statute makes clear that "[w]hen jurisdiction over a person is based solely upon this section, only a cause of action arising from acts

---

[1] Ohio's long-arm statute provides as follows:
(A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
(2) Contracting to supply services or goods in this state;
(3) Causing tortious injury by an act or omission in this state;
(4) Causing tortious injury in this state by an act or omission outside the state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
(5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when he might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that he also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;
6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state;
(7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which he commits, or in the commission of, which he is guilty of complicity;
(8) Having an interest in, using or possessing real property in this state;
(9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

4

enumerated in this section may be asserted against" the non-resident defendant. § 2307.382(C).

However, a finding that the requisites for state-law long-arm jurisdiction have been met does not end the inquiry: the Due Process Clause requires that the defendant has sufficient "minimum contact[s]" with the forum state so that finding personal jurisdiction does not "offend traditional notions of fair play and substantial justice." *Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1089 (6th Cir.1989) (*quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).

The Sixth Circuit Court has held that a finding of specific jurisdiction comprises three elements:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir.2002) (*quoting S. Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968)). Even if the Plaintiff had shown that the Defendant Eric S. Chanson met the requirements of the Ohio Long-Arm Statute, which they have not, the exercise of specific personal jurisdiction over the Defendant Eric S. Chanson will violate constitutional due process. *Calphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000) ("The exercise of personal jurisdiction is valid only if it meets both the state long-arm statute and constitutional due process requirements. *See Nationwide Mutual Ins. Co. v. Tryg International Ins. Co.*, 91 F.3d 790, 793 (6th Cir.1993) (citing *Reynolds v. International Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.1994))").

The Plaintiff here fails to set forth any legal or factual basis that supports a minimal *prima facie* showing of personal jurisdiction over the Defendant Eric S. Chanson. There is nothing

5

before the Court which shows the purposeful availment of this defendant with this forum or which shows that any of the specifically alleged conduct of this defendant arose out of any contact with Ohio, had any consequence within Ohio, or was sufficient to make the exercise of personal jurisdiction over these two defendants reasonable. The Plaintiff does not allege that the Defendant Eric S. Chanson has taken any specific action in the state of Ohio and the Plaintiff does not allege that the Defendant Eric S. Chanson has ever been in the state of Ohio.

A defendant cannot be subject to suit in a particular state merely because it maintained a website that could be viewed in the forum. *Bird*, 289 F.3d at 874. Instead, the Court must evaluate the relationship of the Defendant Eric S. Chanson, Ohio and the cause of action. Minimum contacts may be established through a defendant's purposeful availment of the benefits and protections of Ohio's laws, *Asahi Metal Indus. Co. v. Superior Court of California*, 480 U.S. 102, 109, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987), or the effects test, which looks at whether the harm allegedly caused by the Defendant Eric S. Chanson, if any, is intentional and aimed at Ohio, *Calder v. Jones*, 465 U.S. 783, 788-790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984). *Accord S'ern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968) (court must first determine whether the defendant "purposefully avail[ed] [itself] of the privilege of acting in the forum state or causing a consequence in the forum state").

## CONCLUSION

In light of the foregoing, the Defendant Eric S. Chanson respectfully requests that this Court dismiss the Plaintiff's Complaint against him.

DATED this 26th day of July, 2013.

_____
**ERIC S. CHANSON**

6

                                                21Coneflower Lane  
                                                Princeton Junction, NJ 08550  
                                                ***Defendant***

## CERTIFICATE OF SERVICE

I, Eric S. Chanson, declare under penalty of perjury that I served a complete, true and correct copy of the foregoing **MOTION TO DISMISS, MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF ERIC S. CHANSON** upon all other parties in this case by overnight express mail to:

| | | |
|---|---|---|
| H. Louis Sirkin<br>Santen & Hughes, LLP<br>600 Vine Street, Suite 2700<br>Cincinnati, Ohio 45202<br>513-721-4450<br>*Attorneys for Plaintiff* | Marc J. Randazza<br>Randazza Legal Group<br>6525 W. Warm Springs Rd.<br>Ste. 100<br>Las Vegas, Nevada 89118<br>888-667-1113<br>*Attorneys for Plaintiff* | Kevin C. Bollaert<br>1765 Garnet Avenue 27<br>San Diego, California 92109<br>*Defendant* |
| Eric S. Chanson<br>2 Columbia Place<br>Princeton Junction,<br>New Jersey 08550-1816<br>*Defendant* | Blue Mist Media LLC<br>d/b/a YouGotPosted<br>c/o Domains by Proxy LLC<br>14747 N. Northsight Blvd.<br>Suite 111, PMB 309<br>Scottsdale, Arizona 85260<br>*Defendant* | John Roe<br>c/o Domains by Proxy LLC<br>14747 N. Northsight Blvd.<br>Suite 111, PMB 309<br>Scottsdale, Arizona 85260<br>*Defendant* |

on July 26, 2013.

Dated: 7/26/13

_____
Eric S. Chanson