**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

JANE DOE, through her father JOHN DOE,   :

Plaintiff,   :

   :

vs.   :

   :   Case No.: 2:13-cv-00486-GLF-MRA

KEVIN C. BOLLAERT, an individual;
ERIC S. CHANSON, an individual;   :   Judge Gregory L. Frost
ROY E. CHANSON, an individual;
AMY L. CHANSON, an individual; BLUE   :   **PLAINTIFF'S OPPOSITION TO
DEFENDANT ERIC S. CHANSON'S
MOTION TO DISMISS COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(2)**
MIST MEDIA, LLC, a limited-liability
company of unknown origin, d/b/a   :
"YOUGOTPOSTED"; and "JOHN DOE," an :
individual,
   :
Defendants.
   :

**Memorandum in Support of Plaintiff's Op.position to Defendant Eric S. Chanson's
Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2)**

Plaintiff, Jane Doe, through her father John Doe, hereby files this Opposition to Defendant Eric S. Chanson's Motion to Dismiss Complaint Pursuant to Fed. R. Civ. P. 12(b)(2). Plaintiff opposes the Motion as follows:

**I. Introduction**

This is a child pornography case. The victim is an Ohio resident (as are many other victims of the defendants' "revenge porn" website).[1] The perpetrators are spread across multiple states, but aimed their relevant tortious conduct at a child who lives in

---

[1] A "revenge porn" website is one that publishes "identifiable nude pictures of someone else online without the victim's permission, intending to cause emotional distress or humiliation."  See *Bill Outlaws growing problem of 'revenge porn,'* SFGate.com, Aug. 15, 2013  *found at* http://www.sfgate.com/news/article/Bill-outlaws-growing-problem-of-revenge-porn-4735963.php (last visited August 17, 2013).

Ohio, who felt all of the harm in Ohio, and who has a right to seek redress in Ohio. Some of the defendants in this scheme, including the one who filed the instant Motion to Dismiss, demand that the victim travel to *them* in order to seek redress. Meanwhile, members of the conspiracy are scattered about the country, from California to Illinois to New Jersey, with no true established focal point. Accordingly, the Chansons argue that the proper course of conduct for their victim would be to file lawsuits in multiple jurisdictions, where it would be more *convenient* and *comfortable* for the child pornographers. While the Chansons may find it inconvenient to be held accountable for their actions in Ohio, they well knew that they were victimizing Ohio residents and causing harm in the Buckeye State. In this contest of "*who should be inconvenienced*?", the choice is between a child and a *child pornographer*. The choice is clear.

## II.  Statement of Facts

On May 21, 2013, Plaintiff filed a Complaint alleging multiple violations of 18 U.S.C. § 2251, *et seq.*, pertaining to the sexual exploitation of children and related violations of Ohio law against the named Defendants. Defendants Kevin Bollaert, Eric S. Chanson, Roy E. Chanson, Amy L. Chanson, and Blue Mist Media, are jointly, severally, and in concert with one another, engaged in the commercial distribution of child pornography. *See* Complaint, ECF #2 at 2. Defendants conduct their enterprise electronically, using computer servers and equipment across the country. These Defendants monetize their sites through advertising revenue and other currently unverified sources of income.[2]

---

[2] This likely includes a scheme where Defendants are the sole providers of image removal services for their website, wherein they will remove the names and nude images of individuals from their website who choose to pay a substantial fee. The site, called

In addition to posting the photos online, Defendants also engage in a form of stalking. They identify the subjects of the photos by their full names, their hometowns, and link to their personal Facebook pages. *See* Complaint, ECF #2 at page 3. This compounds the injury for each victim, because Defendants specifically target each person, with precision focus, and ensure that the brunt of the harm takes place right smack dab on their front doorstep. Visitors to Defendants' website search for victims' photographs by clicking on a link for the corresponding state of residence. Those who wish to submit photos to the website *must* fill out a form containing the identifying information of the victim. The identifying information, such as name, location, and Facebook page are *required* prior to the photos being posted, encouraging the outing and ongoing harassment of the victims and rejecting anonymous photographs.

Defendants purposefully directed their activities at this particular child, with the precise knowledge that she lived in Ohio, and with the precise knowledge that she would suffer harm in Ohio. ECF #2 at 3. On Defendants' website, YouGotPosted/Ugotposted, Defendants tagged and categorized the photos by the residences of the photo's subjects, and specifically targeted the Plaintiff (an Ohio resident) and dozens of other Ohioans. (See Ohio YouGotPosted page at <http://ugotposted.com/category/ohio/>). Visitors to the website click on the name of each state and view nude photos featuring men and women by location, prominently identified by full name and hometown. Because Defendant Eric Chanson, in partnership with the other Defendants, directed tortious activities at the State of Ohio with the reasonable knowledge that Plaintiff (and frankly all

---

"Changemyreputation.com" is suspected to be owned by the Chansons, and this fact will be explored in discovery.

of the enterprise's Ohio victims) would feel injury there, this Court should exercise personal jurisdiction over Chanson and the other Defendants.

### III.  Legal Argument

In the event the court bases its jurisdictional analysis only on the pleadings without outside evidence, the plaintiff needs only make a *prima facie* showing of jurisdiction. *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). The plaintiff may meet this burden by "establishing with reasonable particularity sufficient contacts between the defendant and the forum state to support jurisdiction." *Id.*, *quoting Provident Nat'l Bank v. California Fed. Savings Loan Ass'n*, 819 F.2d 434, 437 (6th Cir. 1996).  In this case, Plaintiff has done so.

Where a federal question gives rise to federal subject matter jurisdiction, personal jurisdiction exists if the defendant may be served under the forum state's long-arm statute and if the exercise of jurisdiction will not violate the defendant's due process rights. *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992). Ohio's federal courts consistently focus on whether significant minimum contacts exist so as not to offend "traditional notions of fair play and substantial justice." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002), *quoting Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 90 L. Ed. 95, 66 S.Ct. 154 (1945). Ohio's long-arm statute permits personal jurisdiction over, *inter alia*, a person who transacts business in the state, causes tortious injury by an act or omission in the state, or causes tortious injury in Ohio by an act outside the state with the purpose of *injuring a person in which he reasonably expects will feel injury within Ohio*. Ohio Rev. Code § 2307.382.

4

For specific jurisdiction, Ohio courts employ a three-part test: 1) the defendant must purposefully avail himself to acting or causing interference in the forum state; 2) the cause of action must arise from the defendant's activities in the forum state; and 3) the acts or consequences caused by the defendant must be substantially connected to the forum state in order to make the exercise of jurisdiction reasonable. *Caphalon Corp. v. Rowlette*, 228 F.3d 718, 721 (6th Cir. 2000), *quoting Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).

This Court may exercise personal jurisdiction over Defendant Eric Chanson. He purposefully availed himself of Ohio jurisdiction by intentionally victimizing an Ohio child, specifically aiming his tortious acts against Plaintiff in her home state of Ohio, and indeed in her very *hometown*. Chanson and other Defendants caused to be published lascivious, sexually explicit photos of Plaintiff, an Ohio child, and went so far as to post the child's "profile page" that they created for her—to target her, to harm her, and to ensure that the harm was visited upon her in her very hometown. There can be no question that Defendants knew that this child lived in Ohio, and no question that they posted her photographs online, knowing that she would feel the brunt of the harm in this state. Chanson's acts are substantially connected to the forum state, and the Court's jurisdiction over him would be reasonable; in fact, a contrary result would be most unreasonable.

**A. Defendant Eric Chanson has purposefully availed himself to personal jurisdiction in Ohio.**

A plaintiff may satisfy purposeful availment through the effects test. *Calder v. Jones*, 465 U.S. 783 (1984). The effects test requires a plaintiff show that the defendant

5

1) committed an intentional act, 2) that was expressly aimed at the forum state and 3) caused harm that the defendant knew or should have known would be suffered in the forum state. *Mielcarek v. Jackson*, 2012 U.S. Dist. LEXIS 144006, *14 (S.D. Ohio 2012), *citing Stolle Mach. Co., LLC v. RAM Precision Indus.*, No. 3:10-cv-155, 2011 U.S. Dist. LEXIS 144662, 2011 WL 6293323, at *8 (S.D. Ohio Dec. 15, 2011). The existence of intentional tortious conduct "enhances" a party's other contacts with the forum state for the purposes of a purposeful availment analysis. *Air Prods. & Controls, Inc. v. Safetech Int'l Inc.*, 503 F.3d 544, 552 (6th Cir. 2007).

If a website is "interactive to a degree that reveals specifically intended interaction with the resident of the state," the operation of a website will constitute purposeful availment of the privilege of operation in Ohio. *Bird v. Parsons*, 289 F.3d 865, 874 (6th Cir. 2002), *quoting Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890 (6th Cir. 2002). "A website purposely avails itself of the privilege of acting in a state through its website if the website is interactive to a degree that reveals specifically intended interaction with residents of the state." *Davis v. Spriggs*, 2010 Ohio 5802 ¶ 46 (Ohio 2010), *citing Neogen Corp.*, 282 F.3d at 890. The fact that a website regularly chooses to do business with Ohio residents, and which has an entire "Ohio" page is sufficient to show purposeful availment. *Bird*, 289 F.3d at 875. In this case the website has an entire page devoted to the victimizing of Ohio residents by posting "revenge porn" or involuntary displays of sexually explicit images of the victims. **See Ohio Page, Exhibit A and URL at** <http://ugotposted.com/category/ohio/>

Similar websites, which display images of individuals, have been subject to personal jurisdiction in Ohio courts under the State's long-arm statute. In a case

6

remarkably similar to this one, *Davis v. Spriggs*, the defendant-appellant, Claudia Spriggs, found that her ex-husband posted her intimate photographs on a foreign website. 2010 Ohio 5802 ¶6.  Spriggs brought various claims against the website, but the trial court dismissed them for lack of personal jurisdiction *Id*. ¶¶ 10-13.  On appeal, the Ohio Court of Appeals found that the website defendant was a commercial enterprise and, by publishing images in Ohio, derived an economic benefit from the state. *Id*. ¶¶ 58-60. Even though Defendants' site does not charge a membership fee, the traffic it obtains from its content and its visibility in search engines is the legal equivalent of money.[3] None of the defendants' declarations contend that YouGotPosted is a non-commercial website or anything other than a commercial enterprise designed to exploit its victims by publishing stolen sexually explicit images of them –whether they are adults or children. It makes no difference to these Defendants.  Exploitation and harassment are their stock and trade.  Now that an Ohio resident seeks redress, they complain that they might be "inconvenienced" by having to defend themselves in the home state of a child they

---

[3] The United States District Court for the Southern District of California has previously addressed the issue of what commercial benefit a free service obtains from distributing its content.  That Court's analysis, which is particularly salient in this situation, is republished here:

> Given that Scribd offers nothing to its users other than content, some copyrighted, some not, it's far easier to presume that infringing content boosts its subscriber base, and with that, its advertising revenues — even if the gains are marginal. Imagine, for example, if a Scribd subscriber got her hands on *Harry Potter* page proofs prior to a book's release and uploaded them to the site; there's no doubt that Scribd would receive heightened traffic during the time those proofs were available for free download.

*Williams v. Scribd, Inc.*, Case No. 09-cv-1836, 2010 U.S. Dist. LEXIS 90496 at *26-27 (S.D. Cal. June 23, 2010) (finding that Scribd, a free service for documents to be viewed and downloaded online, obtained a financial benefit from increased Internet traffic because of the content it provided).

7

victimized.  YouGotPosted and its operators are subject to the Ohio long-arm statute for their willful targeting of Ohioans.

Defendant Chanson and the other Defendants availed themselves of Ohio jurisdiction when they published the child Plaintiff's photo on the Internet.[4] Defendants own and run YouGotPosted/Ugotposted under both domain names.  ECF #2 at 9 ¶28.  Navigating to <yougotposted.com> redirects to <ugotposted.com>.  YouGotPosted/Ugotposted specifically aimed its activities at Ohio.[5]  Defendants actively solicit sexually-oriented photos through several invitations on their site to "Post Nudes," including both a tab at the top of each page and a large, pink-highlighted link located on the right of the front page. **See Screenshot of Ohio Page, Exhibit A.**  The "categories" menu along the right side of every page of the site contains clickable links to various states, including Ohio. **See Exhibit A.**  This feature for sorting and seeking out Ohio victims of the site is intrinsic to its operation and placed on the site by Defendants.  The Ohio link directs users to photos of subjects from Ohio, identifying each by full name and city. **See Exhibit A.**

Before posting victims' photos online, Defendants manually alter the content prior to publishing it by inserting their watermark onto each image, including those featuring Plaintiff.[6] ECF #2 ¶ 34-35.  Defendants then tag the photos based on personal

---

[4] Note that they did not merely publish the photos, but solicited them, selected them, published them, assigned the victim's name and hometown to them, and placed their own watermark over them.

[5] http://ugotposted.com/category/ohio/

[6] This is an act of unmitigated gall.  Defendants, including Eric Chanson, do this because they are concerned that third parties might steal the images and use them on their own websites.  Apparently, thieves themselves, the Defendants do not wish to have other parties steal their ill-gotten child pornography.

8

information of the victims in order to categorize them based on where the victims live. ECF #2 ¶ 33.

Defendants' categorization of the photos by the victims' hometowns shows that Defendants know exactly where the harm of their actions will be felt. In fact, the purpose of posting the photos with the full names, cities, states, and links to Facebook profiles of the subjects suggests that Defendants wanted no mistake in pinpointing the exact identities of each and every unsuspecting victim whose nude photo was plastered on the Web, including that of the Plaintiff.

When Defendants intentionally posted the lascivious child pornographic photos of Plaintiff, identifying her by her full name, her hometown in Ohio, and her Facebook profile, they did so with full knowledge and the intent that their behavior would specifically harm her right at her front doorstep – in Ohio.  Through their actions, Defendants expected that the child's face and online social networking profiles would be inextricably connected to sexually explicit photos of her, causing shame, embarrassment, and ridicule (or worse) among those who knew her.  Under the *Calder* effects test, Chanson, as one of the owners and operators of YouGotPosted, purposefully availed himself to jurisdiction in Ohio when he altered, tagged, categorized, and posted the minor Plaintiff's photo on the World Wide Web.

**B. Plaintiff's causes of action arise from Defendant Chanson's activities directed at Ohio.**

Where a defendant's contacts with the forum state are related to the facts of the controversy, then the cause of action has arisen from the contacts. *Id.*, *quoting Compuserve, Inc. v. Patterson*, 89 F.3d 1257, 1267 (6th Cir. 1996).  This criterion

9

requires only that the cause of action have a substantial connection with the defendant's in-state activities. *Id.*, *quoting Third Nat'l Bank v. WEDGE Group, Inc.*, 882 F.2d 1087, 1091 (6th Cir. 1989). The "arising from" criterion is a "lenient standard." *Id.* "Only when the operative facts of the controversy are not related to the defendant's contact with the state can it be said that the cause of action does not arise from that contact." *Caphalon Corp.*, 228 F.3d at 723-24, *quoting Southern Machine*, 401 F.2d at 384 n. 29.

Under Ohio law, the facts alleged in the Complaint are deemed to have occurred within the State of Ohio. The child pornographic images of Plaintiff were seen by Plaintiff and known to her while she was an Ohio resident, creating the basis of this litigation. Legally, because the images published on YouGotPosted by the Defendants were seen by at least one Ohioan, the photographs were published within Ohio. *Davis*, 2010 Ohio 5802 ¶ 59 (holding that because Ohioans saw images that were published on the Internet, "[t]he photographs were thus published in Ohio"). Furthermore, the Defendants categorized the photographs into different states – including Ohio. For someone to publish a sexually explicit photograph of an Ohio child, edit that photograph to add in their own tradename, then publish the photograph and list the child's name, and hometown – and then claim a lack of personal jurisdiction, simply boggles the mind.

As shown *supra*, Chanson and the other Defendants regularly engaged in collecting and soliciting photos from Ohio residents. Defendants posted Plaintiff's photo on the website after receiving the image from Plaintiff's ex-boyfriend, Defendant John Roe (another Ohioan). *See* Complaint, ECF # 2 at ¶ 13. Defendants, including Chanson, knew Plaintiff lived in Ohio, as they required that John Roe provide information as a condition of distributing Plaintiff's images. Defendants posted Plaintiff's photo along

10

with her full name and the Ohio city in which she resides, and associated it with an index term categorizing it with other entries from the state. Plaintiff's cause of action relates directly to Defendants' acts with Ohio. Therefore, the second factor of the three-part specific jurisdiction analysis is satisfied.

**C. This Court may reasonably exercise jurisdiction over Defendant Eric Chanson.**

Finally, an exercise of jurisdiction must be reasonable in light of the connection alleged to exist. *Southern Machine Co. v. Mohasco Industries, Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). If the court finds that the first two elements exist, there is a presumption that the third factor is satisfied. *Compuserve, Inc.*, 89 F.3d at 1268. The court will consider several factors, including the burden on the defendant, the forum state's interests, the plaintiff's interests, and other states' interests in an "efficient resolution of the controversies." *Id., quoting American Greetings Corp. v. Cohn*, 839 F.2d 1164, 1170 (6th Cir. 1988).

Because the first two elements of the three-part test are satisfied, there is a presumption that Ohio's personal jurisdiction over Chanson is reasonable. However, even if reasonableness were not presumed, Plaintiff can show that jurisdiction is reasonable. Defendants virtually "carpet bomb" Ohio with a wave of vicimization as can be seen at <http://ugotposted.com/category/ohio/>. Ohioan after Ohioan finds herself (or himself) victimized by these Defendants, each of them targeted by name with as much personal information about them as the Defendants can muster. If Ohio's courts will offer no comfort to the Ohio victims, then who reasonably will? It is in Ohio's interest to its citizens to protect its minors from sexual exploitation online. Defendants exposed Plaintiff, a minor, by posting the graphic lascivious exhibition of her genital or pubic area

11

on their website.  Because the child in question is a resident of Ohio, as is Defendant John Roe (from whom the other Defendants obtained the photos), Ohio has a direct interest in the resolution of this complaint.

Additionally, Plaintiff is a minor who has brought this complaint through her father over Defendants' distribution of lewd and lascivious, sexually explicit images of her.  Because Plaintiff is under 18, it is in her best interest to litigate her cause of action in the state where she is domiciled, Ohio.  Should this child be forced to chase each individual Defendant in each of these jurisdictions? Or should this child receive justice here—where all of the harm is focused and felt? All of the actions leading up to the posting of the photo occurred in Ohio: the photo was taken in Ohio, and Defendant Roe distributed the photo from Ohio. *See* Complaint, ECF #2, at 3 and 5 ¶3.  Chanson, in concert with the other Defendants, posted the photo online with the knowledge that Plaintiff lives in Ohio.  Therefore, it is just that the lawsuit remain in Ohio. On the other hand, dismissing this case for lack of personal jurisdiction would require a victimized child to travel to unknown locales – either Arizona, New Jersey, California, Illinois, or whatever other state the Chansons and their co-conspirators claim would be proper.  Is it just or proper that a child should be forced to travel far from home, when the victimization of that child took place in Ohio and all of the effects of the victimization were in Ohio?  The audacity of these Defendants seems to know no bounds.

In weighing these factors, the burden on Defendants is light in comparison, as most of the evidence would be located in Ohio.  Considering the totality of these circumstances, specific jurisdiction over Chanson is reasonable – and any other determination would be grossly unjust.

**D. This Court may exercise jurisdiction over Defendant Eric Chanson through Ohio's Long-Arm Statute.**

Where a defendant's act causes tortious injury in Ohio, and where the defendant regularly conducts activity in Ohio, the state's long-arm statute and civil process rule apply. *NCR Corp. v. PC Connection, Inc.*, 384 F.Supp.2d 1152, 1157 (S.D. Ohio 2005); see also *Estate of Poole v. Grosser*, 134 Ohio App. 3d 386, 731 N.E.2d 226, 229 (Ohio Ct. App. 1999).  Specifically, Ohio's long-arm statute states that a defendant may be hauled into Ohio courts by "(6) Causing tortious injury to any person by an act outside this state committed with the purpose of injuring persons, when he might reasonably have expected that some person would be injured thereby in this state." Ohio Rev. Code § 2307.382(A)(6).  Also relevant is section (4) of the long-arm statute, which allows for personal jurisdiction when a defendant causes "tortious injury in this state by an act or omission outside the state if he regularly does or solicits business, or engages in any other persistent course of conduct […] in this state." Ohio Rev. Code § 2307.382(A)(4).  Either section of the Ohio long-arm statute supports a finding that personal jurisdiction over Chanson is proper.

Chanson knew Plaintiff resided in Ohio because her location was *required* to post her images. The Defendants' unlawful commercial child pornography enterprise categorized Plaintiff as an Ohio resident. Since Defendants knew full well that Plaintiff would feel injury within the forum state when they posted a series of sexually explicit photographs of her on YouGotPosted, the Court has specific personal jurisdiction over the Chansons under Section (6) of the Ohio long-arm statute.  In this case, Chanson would have known where Plaintiff lived even if he conducted no inquiry into her

whereabouts. Her location was *required* to post the images of her.  Defendants placed Plaintiff's photo under the Ohio tag on YouGotPosted, *proving* that they *knew* where she lived.  In addition, Defendants post personal information of all of the subjects whose photos appear on the website, including links to Facebook pages, so that visitors of the site may contact them. Defendants, including Chanson, fully knew that the subjects of the photos on their website are injured in their home state.  Indeed, Defendants gathered the location of each victim before posting the images.  This makes it all but certain that the site's operators knew precisely where all of their victims were located, and specifically sought to harm them right here at home – in Ohio.  Otherwise, what purpose is served by displaying the victims' name and hometown? Chanson knew that his tortious acts outside of the state would injure Plaintiff in Ohio. Section (6) of the Ohio long-arm statute thus authorizes specific jurisdiction over Chanson.

The Court also has specific jurisdiction over Chanson under section (4) of the long-arm statute, because Chanson's tortious activities outside the state caused injury to Plaintiff in Ohio.  One of three factors must be satisfied in order to meet the criteria under section (4): the defendant 1) "regularly does or solicits business"; 2) "engages in any other persistent course of conduct"; or 3) "derives substantial revenue from goods used or consumed or services rendered in this state." Ohio Rev. Code §2307.382(A)(4).  A website that is a commercial enterprise and has been published in Ohio is said to have sufficient minimum contacts within the state to be subject to jurisdiction there. *Davis*, 2010 Ohio 5802 at ¶ 60.

YouGotPosted is a commercial website from which Chanson and cohorts regularly solicit visitors to submit nude photos and from which Defendants gleefully

14

wreak havoc on the lives of men, women, and children nationwide. See "A Victim Speaks: Standing Up to a Revenge Porn Tormentor," attached as **Exhibit B.** The menu tags on the right side of the front page feature clickable links to several states, including Ohio, encouraging and targeting those states for submissions. **Exhibit A.** Defendants derive a pecuniary benefit from these photos, including Plaintiff's, to advertise and promote their services through the site. Through the website, Defendants regularly and persistently solicit business from Ohio residents, satisfying both subparts 1 and 2. Thus, the application of Section (4) of the Ohio long-arm statute supports specific jurisdiction over Chanson.

## IV.  Conclusion

Plaintiff Doe respectfully requests this Court hereby deny Defendant Eric Chanson's Motion to Dismiss for Lack of Personal Jurisdiction. Plaintiff has met her burden of establishing a *prima facie* case of personal jurisdiction over Chanson. Ohio has specific personal jurisdiction over Chanson because Chanson purposefully availed himself of the privilege of conducting business in Ohio; second, Plaintiff's cause of action arose from Chanson's activities with the state; and third, Chanson's tortious acts had a substantial enough connection with Ohio to make exercise of jurisdiction reasonable. Finally, Ohio's long-arm statute permits personal jurisdiction because Chanson's actions caused Plaintiff's injuries within the state.

//

//

//

//

Dated: August 18, 2013　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　/s/ Marc J. Randazza
　　　　　　　　　　　　　　　　　　Marc. J. Randazza
　　　　　　　　　　　　　　　　　　Randazza Legal Group
　　　　　　　　　　　　　　　　　　3625 S. Town Center Drive
　　　　　　　　　　　　　　　　　　Las Vegas, NV 89135
　　　　　　　　　　　　　　　　　　888-667-1113
　　　　　　　　　　　　　　　　　　305-437-7662 (fax)
　　　　　　　　　　　　　　　　　　ecf@randazza.com

　　　　　　　　　　　　　　　　　　/s/ H. Louis Sirkin
　　　　　　　　　　　　　　　　　　H. Louis Sirkin, Ohio Bar No. 24573
　　　　　　　　　　　　　　　　　　Santen & Hughes, LLP
　　　　　　　　　　　　　　　　　　600 Vine Street, Suite 2700
　　　　　　　　　　　　　　　　　　Cincinnati, OH 45202
　　　　　　　　　　　　　　　　　　513-721-4450
　　　　　　　　　　　　　　　　　　HLS@santen-hughes.com

*Attorneys for Plaintiff,*
*Jane Doe*

## Certificate of Service

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
2 Columbia Place
Princeton Junction, NJ 08550-1816

Eric S. Chanson
2 Columbia Place
Princeton Junction, NJ 08550-1816

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy , LLC
1747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, AZ 85260

Kevin Bollaert
1765 Garnet Avenue 27
San Diego, CA 92109

Dated: August 19, 2013

Employee, Randazza Legal Group