IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | | |
|---|---|---|
| JANE DOE, a minor, through her father<br>JOHN DOE<br>c/o Santen & Hughes, LPA<br>600 Vine Street, Suite 2700<br>Cincinnati, Ohio 45202 | ) ) ) ) ) ) | CASE NO. 2:13 CV0486<br><br>Assigned to:<br>Judge Gregory L. Frost<br>Magistrate Judge Mark R. Abel |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | |
| KEVIN C. BOLLAERT, an individual<br>1765 Garnet Avenue 27<br>San Diego, California 92109 | ) ) ) ) | **DEFENDANT ROY E. CHANSON'S<br>AND DEFENDANT AMY<br>L. CHANSON'S REPLY TO<br>PLAINTIFF'S OPPOSITION TO** |
| and | ) ) | **MOTION TO DISMISS** |
| ERIC S. CHANSON, an individual;<br>2 Columbia Place<br>Princeton Junction, New Jersey 08550-1816 | ) ) ) ) | DECLARATIONS OF ROY E.<br>CHANSON AND AMY L. CHANSON<br>FILED CONCURRENTLY |
| and | ) ) ) | |
| ROY E. CHANSON, an individual;<br>18 Peabody Lane<br>Mercerville, New Jersey 08619 | ) ) ) ) | |
| and | ) ) ) | |
| AMY L. CHANSON, an individual<br>18 Peabody Lane<br>Mercerville, New Jersey 08619 | ) ) ) ) | |
| and | ) ) ) | |
| BLUE MIST MEDIA, LLC, a limited<br>liability company of unknown origin, d/b/a<br>"YOUGOTPOSTED"; and "JOHN ROE,"<br>an individual,<br>c/o Domains by Proxy, LLC<br>14747 N. Northsight Blvd.<br>Suite 111, PMB 309<br>Scottsdale, Arizona 85260 | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

## REPLY BRIEF – MOTION TO DISMISS UNDER 12(b)(2)

### INTRODUCTION

The Plaintiff's Opposition Brief (the "Opposition") filed in response to Roy E. Chanson and Amy L. Chanson's (the "Chanson Defendants") Motion to Dismiss (the "Motion") is a model of misdirection and disconnectedness. The Motion is about the Chanson Defendants, however, in the Introduction itself, the Plaintiff's attorneys introduce statements seemingly intended to mislead the Court. Nowhere and at no time have the Chanson Defendants ever demanded that the Plaintiff travel to them and file suit in a jurisdiction convenient to them. The Chanson Defendants merely and correctly state that the Ohio District Court lacks jurisdiction over them because they had nothing to do with the allegedly offensive website that allegedly caused harm to the Plaintiff. By using inflammatory language, such as "child pornographers," the Plaintiff's attorneys attempt to distract from the matter at hand in this Motion – does this Court have jurisdiction over the Chanson Defendants? The Statement of Facts in the Opposition, and, indeed, all so-called factual statements in the Opposition, is merely a rehash of the allegations in the Complaint. In fact, the Plaintiff's attorneys only cite to the Complaint in support of the stated "facts." They do not provide any other evidentiary support. *Irizarry v. E. Longitude Trading Co. Ltd.*, 296 F. Supp. 2d 862, 864 (N.D. Ohio 2003) ("plaintiff may not stand on its pleadings to meet its burden; plaintiff must 'set forth specific facts showing that the court has jurisdiction.' *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991)"). The Legal Argument merely repeats all of the law that the Chanson Defendants cite in their Motion with very little additional law. In a weak attempt to support this action, the Plaintiff's attorneys, almost as an afterthought, introduce two self-serving declarations replete with lies, obfuscation and hearsay. *Jarmoszuk v. Farm Credit of Florida*, 1:13CV0475, 2013 WL 3947687 (N.D. Ohio July 31, 2013) (Holding that plaintiff's reliance on allegations in the

2

complaint insufficient to basis for the Court to assert jurisdiction, in the face of an irrelevant declaration to which plaintiff did not cite.) The Plaintiff has not shown or even alleged that the Chanson Defendants have extensive in-state contacts with Ohio or that they conduct any activities within the state – let alone substantial and continuous activities. *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 357, 360 (6th Cir. 2008) ("The plaintiff bears the burden of establishing the existence of jurisdiction. *Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir.2006)").  Although it is quite clear that the Plaintiff does not meet her burden of presenting a *prima facie* showing of jurisdiction over the Chanson Defendants, we will address each of the Plaintiff's "arguments" here.

## ARGUMENT

A.    **The Chanson Defendants have not Purposely
      Availed Themselves of Personal Jurisdiction in Ohio**

In section III.A of the Opposition, the Plaintiff's attorneys do not put forward any facts to establish that the Chanson Defendants purposely availed themselves of personal jurisdiction in Ohio. They simply say that this is so. Similarly, they cite Sixth Circuit law explaining that a certain degree of interactivity of a website could constitute purposeful availment, but do not explain how the website at issue in this action (the "Website") meets that standard. In any event, whether the operation of the Website constitutes purposeful availment of personal jurisdiction for persons or entities involved with the Website is irrelevant to the matter at hand here. The Chanson Defendants are not and have never been involved with the operation of the Website. *See* Declaration of Roy E. Chanson (the "Roy Decl.") ¶ 20  *and*  Declaration of Amy L. Chanson (the "Amy Decl.") ¶ 20. They did not even know of the existence of the Website until the evening, sometime in September 2012, that Mr. Randazza (the Plaintiff's attorney) telephoned their home and threatened them with personal and financial ruin if they did not convince their son, Eric Chanson, another

3

defendant in this action, to sell the Website to him and James McGibney. *See* Roy Decl. ¶ 15; Amy Decl. ¶ 15. Neither of the Chanson Defendants contributed to the conversation any further than telling Mr. Randazza not to call them again before hanging up. *See* Roy Decl. ¶ 16; Amy Decl. ¶ 16. Upon information and belief, Mr. Randazza and Mr. McGibney own/run several revenge websites including, but not limited to, bullyville.com, cheaterville.com and myex.com. *See* Roy Decl. ¶ 17; Amy Decl. ¶ 17. It is also true that the Randazza Legal Group is representing several different plaintiffs in different jurisdictions in legal actions against the same group of defendants here – ostensibly carrying through on Mr. Randazza's threat to ruin the Chanson Defendants. *See* Roy Decl. ¶¶ 18-19; Amy Decl. ¶¶ 18-19.

In keeping with their other inflammatory behavior in this action, the Plaintiff's attorneys have unnecessarily attached sexually explicit images from the Website as an exhibit to the Opposition. (Exhibit A). The case, *Davis v. Spriggs*, which the Plaintiff's attorneys cite in an attempt to convince the Court that the Website is a commercial enterprise, is inapposite to the matter at hand. In *Davis*, there was no question of whether the defendants had any association with the website. Here, where the question is one of jurisdiction over the Chanson Defendants alone, and those defendants do not have and have never had anything to do with the Website, the question of whether the Website is commercial or non-commercial is irrelevant. *See Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 793 (S.D. Ohio 2003) ("[A]lthough Logan refers collectively to Defendants' contacts with Ohio, the requirement of personal jurisdiction is an individual right, *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982), and, therefore, Logan must show that each individual Defendant's contacts with Ohio are sufficient, by themselves, for the Court's assertion of personal jurisdiction to be proper.")

The Declaration of Mr. Ronald D. Green, an officer of the courts in Nevada, contains outright lies. On no occasion did either of the Chanson Defendants ever speak or

4

communicate with Mr. Green. *See* Roy Decl. ¶¶ 25-34; Amy Decl. ¶¶ 25-30. On no occasion did either of the Chanson Defendants ever make any representations to Mr. Green, or any other person, that they were involved in the operation of the Website. *See* Roy Decl. ¶¶ 25-34; Amy Decl. ¶¶ 25-30. Indeed, the Chanson Defendants did not know anything about the Website until the evening that Mr. Randazza made his threatening telephone call to their home. *See* Roy Decl. ¶ 15; Amy Decl. ¶ 15. Neither of the Chanson Defendants ever advised Eric Chanson in any way related to the Website or to any settlement agreement related to the Website. *See* Roy Decl. ¶ 14; Amy Decl. ¶ 14.

With regard to the Declaration of James McGibney, other than paragraphs 6, 7 and 8 of his Declaration, none of Mr. McGibney's statements support the truth of facts known to him of his own personal knowledge, indeed the majority of the declaration consists of hearsay. Mr. McGibney merely conveys what Mr. Green said that the Chanson Defendant's said. This declaration should be stricken in its entirety, including paragraphs 6, 7 and 8 because they are irrelevant to the determination of the Motion.

Accordingly, the Plaintiff's claim that the Chanson Defendants purposely availed themselves of personal jurisdiction in Ohio fails.

**B.     The Chanson Defendants Did Not Direct
        Any Activities at Ohio or any other Jurisdiction**

Once again, in section III.B, the Plaintiff's attorneys waste the time of the Court (and the parties) by explaining in detail why the Website's activities are directed toward Ohio – matters irrelevant to the jurisdiction-question at hand when the Chanson Defendants had nothing to do with and indeed had no knowledge of the Website. *See* Roy Decl. ¶ 20; Amy Decl. ¶ 20. The only specific allegation against the Chanson Defendants that the Plaintiff's attorneys include in this section is based on Mr. Green's false declaration. On this unstable foundation, the Plaintiff's attorneys attempt to allege this Court's jurisdiction over the

5

Chanson Defendants and fail.

C.     **This Court's Exercise of Jurisdiction Over**
       **the Chanson Defendants Would be Unreasonable**

Considering that the Plaintiff has failed to establish that the Chanson Defendants

purposely availed themselves of personal jurisdiction in Ohio as well as that the Chanson

Defendants directed tortious activities to Ohio – the first two prongs of the effects test – the

third prong, reasonability of jurisdiction also fails.

In section III.C of the Opposition, the Plaintiff's attorneys once again use purple

prose to explain how the Website allegedly causes harm to a large number of Ohio citizens.

From this explanation, the Plaintiff's attorneys make a leap of alleged logic to state that this

Court's exercise of jurisdiction over the Chanson Defendants would be reasonable. However,

that logic fails in light of the fact that the Chanson Defendants do not and have never had

anything to do with the Website, and did not even know about the Website until Randazza

threatened them in relation to the sale of the Website. *See* Roy Decl. ¶¶ 15 & 20; Amy Decl.

¶¶ 15 & 20.


D.     **Jurisdiction Through the Long-Arm Statute**
       **Cannot be Exercised over the Chanson Defendants**

In section III.D of the Opposition, the Plaintiff's attorneys expound on the manner in

which the operation of the Website allegedly falls within the parameters of the Ohio Long-

Arm Statute. However, they do not and cannot specifically allege that any actions of the

Chanson Defendants fall within the ambit of the statute. All of the statements in this section

are conclusory and unsupported. The Chanson Defendants do not and have never assisted,

operated or had anything to do with the Website. *See* Roy Decl. ¶ 20; Amy Decl. ¶ 20. In

fact, until they received a threatening telephone call from Randazza, promising ruin if they

6

did not convince their son to sell the Website to Randazza and McGibney, the Chanson

Defendants were unaware that the Website existed.  *See* Roy Decl. ¶ 15; Amy Decl. ¶ 15.

Unlike other jurisdictions, Ohio does not have a long-arm statute that reaches

to the limits of the Due Process Clause, and the analysis of Ohio's long-arm statute is a

particularized inquiry wholly separate from the analysis of Federal Due Process law. Both

analyses establish that the Plaintiff has failed to assert a *prima facie* claim for exercise of

jurisdiction over the Chanson Defendants. *Nationwide Mut. Ins. Co. v. Tryg Int'l Ins. Co.,*

*Ltd.*, 91 F.3d 790, 793 (6th Cir. 1996) ("A valid assertion of personal jurisdiction must satisfy

both the state long-arm statute, and constitutional due process. *Reynolds v. International*

*Amateur Athletic Fed'n*, 23 F.3d 1110, 1115 (6th Cir.), *cert. denied*, 513 U.S. 962, 115 S.Ct.

423, 130 L.Ed.2d 338 (1994)").

The Plaintiff here fails to set forth any legal or factual basis that supports a minimal

*prima facie* showing of personal jurisdiction over the Chanson Defendants. There is nothing

before the Court which shows the purposeful availment of these two defendants with this

forum or which shows that any of the specifically alleged conduct of these two defendants

arose out of any contact with Ohio, had any consequence within Ohio, or was sufficient to

make the exercise of personal jurisdiction over these two defendants reasonable. The Plaintiff

does not allege that the Chanson Defendants have taken any specific action in the state of

Ohio and the Plaintiff does not allege that the Chanson Defendants have ever been in the state

of Ohio.

**E.    The Rule 11 Motion for Sanctions was Served**
     **on the Attorneys a Full 23 Days Prior to Filing**

The Rule 11 Motion for Sanctions was sent via United States Postal Service express

mail to Marc Randazza (tracking number EI 855221096 delivered 7/29/13 at 11:37 a.m.)

*See* Roy Decl. ¶ 37; Amy Decl. ¶ 33 and attached exhibit; and to H. Louis Sirkin (tracking

number EI 855222998 delivered at 10:21 a.m.on  7/29/13).  *See* Roy Decl. ¶ 38; Amy Decl. ¶ 34 and attached exhibit.

The Rule 11 Motion for Sanctions was filed with the Court on August 21, 2013. *See* Roy Decl. ¶ 39; Amy Decl. ¶ 35 and attached exhibit.  Accordingly, the Chanson Defendants have complied with the Safe Harbor provision.

It is significant that the Plaintiff's attorneys claim to have never received the Rule 11 Motion for Sanctions and yet have responded to it in the Opposition filed two days before the Rule 11 Motion for Sanctions was filed with the Court. These actions serve to further establish that the Plaintiff's attorneys are not above lying to the Court.

Even in the Opposition to a motion that they claim not to have received, the Plaintiff's attorneys rely on the Declarations of Mr. Green and Mr. McGibney – the one with a fictional version of so-called "facts" and the other abounding in hearsay. It is on the basis of these two declarations that the attorneys claim to have made sufficient pre-suit investigation. Neither of the Chanson Defendants was ever involved in the domains at issue in the ViaView Incorporated litigation. *See* Roy Decl. ¶ 23; Amy Decl. ¶ 23.

### CONCLUSION

The Chanson Defendants respectfully submit that the Court grant their Motion to Dismiss for lack of personal jurisdiction. This is only logical, because the Chanson Defendants are in no way involved in any of the allegedly tortious activities set forth in the Complaint. Once the inflammatory language is set aside, it is clear that the Opposition is a reprisal of the allegations within the Complaint and adds no factual support to those allegations.

The interest of attorney Randazza and other attorneys at his firm in the Website, alongside the threats that he directed to the Chanson Defendants establish not only the

ostensible intent of filing this and other similar lawsuits, but also establish the lengths to which these attorneys are willing to go to harass the Chanson Defendants. The Plaintiff's attorneys damn themselves with their statement: "before the suit commenced, the Plaintiffs' attorneys communicated the fact that this case would be coming – and attempted to engage the Chansons in pre-suit negotiations. They ignored those attempts." A politely worded statement that reveals another of the attorneys threats directed at the Chanson Defendants.

The Chanson Defendants find the notion of revenge pornography websites such as the Website wholly repugnant. They are both honest, law-abiding citizens who would never involve themselves with such activities. This action and other similar legal actions are taking their toll on the Chanson Defendants – an outcome seemingly in keeping with Randazza's intentions. *See* Roy Decl. ¶¶ 35-36; Amy Decl. ¶¶ 31-32.

In light of the foregoing, the Chanson Defendants respectfully request that this Court dismiss the Plaintiff's Complaint against them and consider and grant the Chanson Defendants' Motion for Sanctions under Rule 11.

DATED this 29th day of August, 2013.

_____
**ROY E. CHANSON**
18 Peabody Lane
Mercerville, New Jersey 08619
*Defendant*


_____
**AMY L. CHANSON**
18 Peabody Lane
Mercerville, New Jersey 08619
*Defendant*

## CERTIFICATE OF SERVICE

We, Roy E. Chanson and Amy L. Chanson, declare under penalty of perjury that we

served a complete, true and correct copy of the foregoing **REPLY BRIEF – MOTION TO**

**DISMISS, DECLARATION OF ROY E. CHANSON AND DECLARATION OF AMY**

**L. CHANSON** upon all other parties in this case by overnight express mail to:

H. Louis Sirkin
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
513-721-4450
*Attorneys for Plaintiff*

Marc J. Randazza
Randazza Legal Group
6525 W. Warm Springs Rd.
Ste. 100
Las Vegas, Nevada 89118
888-667-1113
*Attorneys for Plaintiff*

Kevin C. Bollaert
1765 Garnet Avenue 27
San Diego, California 92109
*Defendant*

Eric S. Chanson
2 Columbia Place
Princeton Junction,
New Jersey 08550-1816
*Defendant*

Blue Mist Media LLC
d/b/a  YouGotPosted
c/o Domains by Proxy LLC
14747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, Arizona 85260
*Defendant*

John Roe
c/o Domains by Proxy LLC
14747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, Arizona 85260
*Defendant*

on August 27, 2013.

Dated:  8/27/13

_____
Roy E. Chanson

_____
Amy L. Chanson