IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

| | |
|---|---|
| **JANE DOE**, a minor, through her father<br>**JOHN DOE**<br>c/o Santen & Hughes, LPA<br>600 Vine Street, Suite 2700<br>Cincinnati, Ohio 45202<br><br>Plaintiff,<br><br>vs.<br><br>**KEVIN C. BOLLAERT**, an individual<br>1765 Garnet Avenue 27<br>San Diego, California 92109<br><br>and<br><br>**ERIC S. CHANSON**, an individual;<br>2 Columbia Place<br>Princeton Junction, New Jersey 08550-1816<br><br>and<br><br>**ROY E. CHANSON**, an individual;<br>18 Peabody Lane<br>Mercerville, New Jersey 08619<br><br>and<br><br>**AMY L. CHANSON**, an individual<br>18 Peabody Lane<br>Mercerville, New Jersey 08619<br><br>and<br><br>**BLUE MIST MEDIA, LLC**, a limited<br>liability company of unknown origin, d/b/a<br>"YOUGOTPOSTED"; and "**JOHN ROE**,"<br>an individual,<br>c/o Domains by Proxy, LLC<br>14747 N. Northsight Blvd.<br>Suite 111, PMB 309<br>Scottsdale, Arizona 85260 | CASE NO. 2:13 CV0486<br><br>Assigned to:<br>Judge Gregory L. Frost<br>Magistrate Judge Mark R. Abel<br><br><br><br><br><br><br><br>**DEFENDANT ROY E. CHANSON'S**<br>**DECLARATION IN SUPPORT**<br>**OF REPLY BRIEF - MOTION TO**<br>**DISMISS** |

Defendants.

)

)

)

Roy E. CHANSON'S DECLARATION IN SUPPORT OF MOTION TO DISMISS

Pursuant to 28 U.S.C. - 1746, I, Roy E. Chanson, declare the following:

1. I am an individual residing in Princeton Junction, New Jersey. I am not now nor ever have been a resident of Ohio.

2. I have been named a defendant in this action, although the Columbia Place address in the original case caption is incorrect. I reside at 21 Coneflower Lane, Princeton Junction, New Jersey 08550 along with my wife, Amy L. Chanson.

3. I make this statement in support of the Motion to Dismiss filed by myself and Amy L. Chanson ("Amy"). Unless otherwise stated, I make all the statements of fact in this declaration based on my own personal knowledge.

4. Eric S. Chanson ("Eric") another defendant in this action, is my son.

5. Eric resides with me in Princeton Junction.

6. I have no first-hand knowledge of Eric's business activities. What knowledge I have has come from several lawsuits that have been filed against Eric in various jurisdictions, and I have no knowledge of the veracity of the statements made in those suits.

7. I have never participated or assisted Eric in any of his business activities.

8. I am not in any form of business partnership with Eric.

9. I am not in any form of business partnership with Kevin C. Bollaert, another defendant in this action.

10. I am not in any way involved with Blue Mist Media LLC, another defendant in this action. I am not an officer or partner or member of the LLC. I am not involved in any of the activities of the LLC.

11. I have never received any pecuniary benefit from any of Eric's business activities.

12. I have never received any pecuniary benefit from Kevin C. Bollaert's business activities.

13. I have never received any pecuniary benefit from Blue Mist Media LLC.

14. I have never advised my son in any way related to the Website or to any settlement agreement related to the Website.

15. I first heard of my son's business activities around September 2012 when Mr. Marc Randazza telephoned to my home one evening and threatened my wife and me stating that if we did not convince our son to sell his website to Randazza and James McGibney, that he (Randazza) would financially and personally ruin us.

16. I did not carry on any conversation with Mr. Randazza, but my wife told him to never call our home again and hung up.

17. To the best of my knowledge, Mr. Randazza and Mr. McGibney own/run several revenge websites including, but not limited to, bullyville.com, cheaterville.com and myex.com.

18. The Randazza Legal Group is representing several different plaintiffs in different jurisdictions in legal actions against the same group of defendants here – ostensibly carrying through on Mr. Randazza's threat to ruin my wife and me.

19. To the best of my knowledge, Mr. Randazza and his law firm are actively soliciting clients from those people who appear on the YouGotPosted website and filing suit in various jurisdictions.

20. I had never heard of the website, "YouGotPosted," prior to reviewing the complaint in this action. I do not operate said website.

21. I have never supervised, assisted or participated in formatting and distributing any photographs appearing on YouGotPosted.

22. I have never handled, formatted, watermarked or distributed any photographs of Jane Doe or any other person appearing on the YouGotPosted website.

23. I was at no time involved with the domain names disputed in the Via View v. Chanson litigation, Case No. 2:12-cv-1657(D.Nev.2012).

24. At no time were there any conversations between myself and any representatives from the Randazza Legal Group regarding an agreement on selling such websites or settlement discussions.

25. On no occasion have I ever spoken with or communicated with Mr. Ronald D. Green.

26. On no occasion did I ever make any representations to Mr. Green, or any other person, that I was involved in the operation of the YouGotPosted website.

27. In his sworn declaration, Mr. Ronald D. Green states, "on several occasions, I communicated with Defendant Eric Chanson and his parents, Defendants Roy Chanson and Amy Chanson, regarding their involuntary pornography sites." **This is not true. I had no such communication whatsoever with Mr. Green on any occasion.**

28. In his sworn declaration, Mr. Green states, on 9/17/12- "Roy Chanson admitted he was on the call and instructed his son how to answer my questions." **This is not true. I was not on any call and did not instruct my son how to answer any questions. I have never had any communications with Mr. Green whatsoever.**

29. In his sworn declaration, Mr. Green states, "Roy Chanson additionally informed me that Roy and Amy were not only aware of involuntary pornography website in question but were assisting in the editing, and upon information and belief the operation of the website." **This is not true. I have never had anything to do with any involuntary pornography website.**

30. In his sworn declaration, Mr. Green states, "Roy Chanson made specific statements about how the process of editing the photographs and watermarks thereon was arduous and time consuming." **This is not true. I have never had any communication with Mr. Green whatsoever. I have never edited or watermarked any of the photographs appearing on the Website.**

31. In his sworn declaration, Mr. Green states, "Roy Chanson stated that they were altering the water marks from the old name of the website to the new name of the website." **This is not true. I have never had any communication with Mr. Green whatsoever. I have never edited or watermarked any of the photographs appearing on the Website.**

32. In his sworn declaration, Mr. Green states, "Roy Chanson made further statements to the effect that they were working all night on making such edits, working as quickly as they could." **This is not true. I have never had any communication with Mr. Green whatsoever. I have never edited or watermarked any of the photographs appearing on the Website.**

33. In his sworn declaration, Mr. Green states, "Roy and Amy Chanson were not only aware of the involuntary pornography website in question but were assisting in the editing and upon information and belief, the operation of the website." **This is not true. Neither my wife nor I even knew of the existence of the website and had nothing to do with it at**

any time.

34. In his sworn declaration, Mr. Green states, "based upon statements made by Roy and Amy Chanson to me, it was clear that they were involved in the UGot Posted/ YouGotPosted enterprise." **I have had no discussions with Mr. Green ever. I have never made any statements to him relating to the website or on any subject whatsoever. I have never been involved with any of the websites UgotPosted / YouGotPosted.**

35. It would have been repugnant to me to see any such photographs, and it is repugnant to me that such photographs are being distributed in the manner of the YouGot Posted website, i.e.. as "revenge pornography," or in any manner.

36. I am an honest, law-abiding citizen and this and other related actions have taken their toll on my wife and me. It is beyond my understanding how attorneys such as Randazza and Green, or anyone for that matter, can make such knowingly false, vicious statements.

37. My wife and I sent the Rule 11 Motion for Sanctions against Mr. Randazza and Mr. Sirkin via United States Postal Service express mail to Marc Randazza (tracking number EI 855221096 delivered 7/29/13 at 11:37 a.m.). *See* Exhibit A attached to this Declaration.

38. My wife and I sent the Rule 11 Motion for Sanctions against Mr. Randazza and Mr. Sirkin via United States Postal Service express mail to H. Louis Sirkin (tracking number EI 855222998 delivered at 10:21 a.m.on 7/29/13). *See* Exhibit B attached to this Declaration.

39. The Rule 11 Motion for Sanctions was filed with the Court on August 21, 2013. *See* Exhibit C attached to this Declaration.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of August 2013

_____
Roy E. Chanson