**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, through her father JOHN DOE, : <br> : <br> Plaintiff, : <br> : <br> vs. : <br> : <br> KEVIN C. BOLLAERT, an individual; <br> ERIC S. CHANSON, an individual; : <br> ROY E. CHANSON, an individual; <br> AMY L. CHANSON, an individual; BLUE : <br> MIST MEDIA, LLC, a limited-liability <br> company of unknown origin, d/b/a : <br> "YOUGOTPOSTED"; and "JOHN DOE," an : <br> individual, <br> : <br> Defendants. <br> : | Case No.: 2:13-cv-00486-GLF-MRA <br><br> Judge Gregory L. Frost <br><br> **PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS ROY AND AMY CHANSON'S MOTION TO DISMISS** |

<u>**Plaintiff's Sur-Reply**</u>
<u>**in Opposition to Defendants Roy and Amy Chanson's Motion to Dismiss**</u>

Plaintiff, Jane Doe, through her father John Doe, hereby files this sur-reply to correct the numerous material misrepresentations contained in the reply brief of Roy and Amy Chanson in support of their motion to dismiss (ECF 21, 22). Plaintiff's sur-reply is based on the attached declaration of Ronald D. Green and its supporting exhibits.

**I.   Introduction**

Roy and Amy Chanson's reply brief and supporting declarations (ECF 21, 22) contain materially false statements of fact. Their misrepresentations are demonstrably false, and proven to be false – even *knowingly* false – by the evidence attached to this sur-reply. As such, this Court cannot consider Roy and Amy Chanson's declarations (ECF 21, 22) to be credible. Their representations can no longer be believed for any purpose.

**II.     Argument**

Roy and Amy Chanson's representations in their most recent declarations – and, indeed, all of their sworn statements to this Court – are false and must be disregarded. The extent to which Roy and Amy Chanson's false statements can be discredited with documentary evidence should discredit every representation they have made to this Court.  Given the brazenness and thoroughness of Roy and Amy Chanson's misrepresentations, Plaintiff can only assume that these false statements were made intentionally – a classic case of *the lady doth protest too much*.[1]

**A. Roy and Amy Chanson Had At Least One Conversation With Ronald D. Green,** *As Demonstrated By Mr. Green's Phone Records.*

Roy and Amy Chanson go to great lengths to claim they never spoke with Mr. Green and refute his statements based on his communications with them (ECF 21 ¶¶ 20-29; ECF 22 ¶¶ 20-34).  Both Roy and Amy Chanson claim they never spoke to Mr. Green, and his contentions are lies (ECF 21 ¶¶ 20-29; ECF 22 ¶¶ 20-29).  In contrast, Mr. Green's declaration states that he spoke with the Chansons about the YouGotPosted/YouGotPosted enterprise via telephone on or about September 17, 2012 (ECF 15-2 ¶¶ 5-14).  Mr. Green's telephone records for September 2012, obtained from his phone carrier, confirm that Mr. Green did, in fact, speak with the Chansons on at least five occasions between September 15, 2012 and September 17, 2012 (Decl. of R. Green ¶¶ 4-5; Exhibit A).

Mr. Green spoke with the Chansons through a phone number that began with the area code 267, the full number being redacted for the Chansons' privacy (Green Decl. ¶

---

[1] William Shakespeare, Hamlet, Act III, scene II.

2

4).  This was the only phone number originating from a 267 area code that called Mr. Green, or was called by him, from September 15-17, 2012 (Exhibit A).  Over the span of five calls between September 15 and 17, 2012, Mr. Green and a combination of Roy, Eric, and Amy Chanson spoke for more than 25 minutes (Green Decl. ¶ 5; Exhibit A).  During these calls, both Amy and Roy Chanson were conversant about the YouGotPosted/UGotPosted website and its contents (Green Decl. ¶¶ 5-8).

Roy and Amy Chanson may wish to forget they spoke with Mr. Green.  They may put the Plaintiff to its proof that such a conversation occurred.  However, when faced with phone records showing that Mr. Green had conversations with a phone number that belonged to their son, and his sworn statements that he spoke with them, they cannot credibly claim that they *never* spoke with Mr. Green.

**B. Roy and Amy Chanson Knew of YouGotPosted/UGotPosted *At Least* Weeks Before This Litigation Was Filed, As Their Counsel Was Attempting to Resolve Cases Filed Against Them In Connection With The YouGotPosted/UGotPosted Site.**

This is not the first time Roy and Amy Chanson have been sued in connection with the YouGotPosted/UGotPosted site, which was previously found at <isanyoneoneup.net>. (Green Decl. ¶ 8)  In *ViaView v. Chanson*, Case No. 2:12-cv-1657 (D. Nev. 2012), *Roy and Amy Chanson* were served and default judgment entered against them.  They were subsequently represented by Ryan Gile in that action, seeking to overturn the default judgment entered against them.  During the course of settlement negotiations with Mr. Gile in early May – before this suit was filed – he revealed that Roy and Amy Chanson at least knew of the YouGotPosted/UGotPosted site.

On May 7, 2013, Mr. Gile asked Plaintiff's counsel what authority they had to settle another case filed against Roy and Amy Chanson based on the

3

YouGotPosted/YouGotPosted site in the United States District Court for the Eastern District of Michigan.[2] (Exhibit B)  Gile expressly stated that "Roy and Amy [Chanson] want to know" whether Messrs. Green and Randazza had any ability to settle that case at the same time as the *ViaView* matter (*id*.).  It defies logic and reason that Roy and Amy Chanson would know of that lawsuit on May 7, yet both have "never heard of" YouGotPosted before reviewing the Complaint in this suit, filed weeks later (ECF 21 ¶ 20; ECF 22 ¶ 20).

Later that same day, May 7, Mr. Gile asked for "additional facts" about Roy and Amy Chanson's involvement in the YouGotPosted/UGotPosted site (Exhibit C).  After expressing Amy and Roy Chanson's interest in settling the Michigan YouGotPosted/UGotPosted lawsuit earlier in the day, Mr. Gile's inquiry could only be interpreted as Roy and Amy Chanson hoping to see what evidence ViaView had obtained regarding their involvement in the site.  As this information apparently was relevant to Roy and Amy Chanson's decision whether to settle the *ViaView* case, Mr. Gile presumably discussed the YouGotPosted/UGotPosted site with his clients.  The extent of those discussions are known only to Roy and Amy Chanson and their attorney.  However, given that Mr. Gile sent two separate e-mails seeking information about YouGotPosted/UGotPosted site for his clients Roy and Amy Chanson just on May 7, it defies belief for Roy and Amy Chanson to claim they had never heard of the

---

[2] The case Mr. Gile referred to as the "Michigan Case" is *Middleton v. Bollaert et al.*, Case No. 2:13-cv-11968 (E.D. Mich. 2013), which names Roy Chanson and Amy Chanson as defendants based on copyright infringement occurring on the YouGotPosted/UGotPosted site.  The Michigan lawsuit is handled by counsel other than Randazza Legal Group.

4

YouGotPosted site (see ECF 21 ¶ 20; ECF 22 ¶ 20) until they received the Complaint in this action, filed and served weeks after these e-mails (Exhibits B, C).

Once again, Roy and Amy Chanson have made a materially false statement to the Court. By all appearances, they made their respective statements with knowledge of their falsity.

### C. Eric Chanson's Submission to the Court Further Demonstrates that The Declarations of His Parents, Roy and Amy Chanson, are Untruthful.

Roy and Amy Chanson's claims of ignorance are further belied by their own son's filing in this case (ECF 18). Eric Chanson's reply in support of his motion to dismiss states that his parents did not know of the YouGotPosted/UGotPosted site "until Randazza called [him]," in September 2012. Eric's statement is a party admission and admissible for the truth of the matter asserted under Fed. R. Evid. 801(d)(2). It is also directly at odds with his parents' claims that they had no knowledge of what the YouGotPosted/UGotPosted site was until reviewing the complaint in this action, which was filed in late May 2013 (ECF 21 ¶ 20; ECF 22 ¶ 20). This further contradiction of Roy and Amy Chanson's sworn statements comes not from opposing counsel, but instead their own son. Their credibility in claiming they had no knowledge of the YouGotPosted/UGotPosted site, its contents, and its operations, is severely compromised.

### III. Conclusion

At minimum, Roy and Amy Chanson's declarations must be discredited. The statements within them are demonstrably false. Their denial of speaking with Mr. Green is belied by Mr. Green's own phone records. Roy and Amy Chanson's professed ignorance of the YouGotPosted/UGotPosted site is contradicted by Mr. Green, their own attorney, and their own son. At minimum, the weight of the documentary evidence

5

before the Court shows that the Chansons are not credible and not telling the truth.  At worst, it shows that the Chansons have committed a criminal offense and perjured themselves.  If so, they may be subject to prosecution by the United States Attorney for this district or the United States District Court for the District of New Jersey under 18 U.S.C. § 1621.

Conventional wisdom holds that lying is an unsustainable practice: A liar must remember his or her lies and always keep his or her story (or stories) straight.  This episode has been a teachable moment for the Chansons.  They have made claims under the penalty of perjury (ECF 21, 22) that are now contradicted by other sworn statements, the statements of other parties, documents such as phone records, and the statements of their own attorney in a separate action.  Based on the foregoing, nothing Roy and Amy Chanson represent to the Court can be trusted.

Dated: August 30, 2013                          Respectfully submitted,

/s/ Marc J. Randazza
Marc. J. Randazza
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV 89135
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

/s/ H. Louis Sirkin
H. Louis Sirkin, Ohio Bar No. 24573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

*Attorneys for Plaintiff,*
*Jane Doe*

6

## Certificate of Service

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
2 Columbia Place
Princeton Junction, NJ 08550-1816

Eric S. Chanson
2 Columbia Place
Princeton Junction, NJ 08550-1816

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy, LLC
1747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, AZ 85260

Kevin Bollaert
1765 Garnet Avenue 27
San Diego, CA 92109

Dated: August 30, 2013

_____
Employee, Randazza Legal Group