# IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| JANE DOE, through her father JOHN DOE, | |
| Plaintiff, | |
| vs. | Case No.: 2:13-cv-00486-GLF-MRA |
| KEVIN C. BOLLAERT, an individual; ERIC S. CHANSON, an individual; ROY E. CHANSON, an individual; AMY L. CHANSON, an individual; BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED"; and "JOHN DOE," an individual, | Judge Gregory L. Frost |
| | **DECLARATION OF RONALD D. GREEN** |
| Defendants. | |

**<u>Declaration of Ronald D. Green in Support of Plaintiff's Sur-Reply in Opposition to Defendants Roy and Amy Chanson's Motion to Dismiss</u>**

I, RONALD D. GREEN, do hereby affirm under penalty of perjury:

     1.     I am over the age of eighteen years and am a resident of the State of Nevada. I have been barred in the State of Nevada since 2000. I am a partner at Randazza Legal Group, counsel for Plaintiff Jane Doe in the above-referenced matter.

     2.     I have personal knowledge of the facts contained herein and, if called as a witness, could testify competently thereto.

     3.     Defendants Amy and Roy Chanson state in the declarations filed in support of their Motion to Dismiss that they have never spoken with me. (See ECF 21 and 22). These statements are false.

4. I spoke with either, or a combination of, Amy Chanson, Roy Chanson, or Eric Chanson on at least four occasions, as shown in my attached, redacted cell phone records. (See Exhibit A). Redacted copies have been provided to protect both the Chansons' and my privacy.

5. The number that Eric Chanson used to contact me is listed as beginning with the area code 267. (See Exhibit A). That number is listed five times on the provided records:

    a. September 15, 2012 at 1:40 p.m. for three minutes;

    b. September 15, 2012 at 1:43 p.m. for two minutes;

    c. September 17, 2012 at 5:52 p.m. for seven minutes;

    d. September 17, 2012 at 6:36 p.m. for ten minutes; and

    e. September 17, 2012 at 7:19 p.m. for four minutes.

6. During these conversations and as described in my prior declaration, I spoke with Eric Chanson, Roy Chanson, Amy Chanson, or a combination of those Defendants. During that time, all three of the Chansons spoke to me about the websites YouGotPosted/UGotPosted, the content of which was previously found on IsAnyoneUp.net.

7. In fact, a privileged email that I sent to my client on September 17, 2012 at 9:09 p.m. confirms that Roy and Amy Chanson actually called me on that date.

8. During all of my conversations with them, both Roy and Amy Chanson were aware of YouGotPosted, its predecessor site at IsAnyoneUp.net, and were aware of the pornographic content on the websites. I also engaged all three of the Chansons in settlement discussions in the matter of *ViaView v. Chanson*, Case No. 2:12-cv-1657 (D. Nev. 2012).

9. Furthermore, in my later email conversations with attorney Ryan Gile, who formerly represented Roy and Amy Chanson in that Nevada litigation, Gile stated that Roy and Amy Chanson wanted to know what "additional facts" Randazza Legal Group had about their

"involvement with the site (both the sites at issue in the Via View case and the ugotposted sites)." See Exhibit C, May 7 email with Ryan Gile (redacted to protect settlement discussion). Additionally, Attorney Gile asked my firm what authority we had to settle another action in Michigan that had been filed against Roy and Amy Chanson based on the YouGotPosted Site. See Exhibit B, second May 7 email with Ryan Gile (redacted to protect settlement discussion). These conversations show that Roy and Amy Chanson did, in fact, know about YouGotPosted before the filing of the Instant Complaint.

10. All of the statements made in my previous declaration (ECF 15-2) are true.

Dated August 30, 2013

Ronald D. Green, Randazza Legal Group