**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| JANE DOE, through her father JOHN DOE, : | |
| Plaintiff, : | |
| vs. : | |
| : | Case No.: 2:13-cv-00486-GLF-MRA |
| KEVIN C. BOLLAERT, an individual; ERIC S. CHANSON, an individual; : | Judge Gregory L. Frost |
| ROY E. CHANSON, an individual; AMY L. CHANSON, an individual; BLUE : | **PLAINTIFF'S OPPOSITION TO DEFENDANTS ROY E. CHANSON AND AMY L. CHANSON'S MOTION FOR SANCTIONS PURSUANT TO RULE 11** |
| MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a : | |
| "YOUGOTPOSTED"; and "JOHN DOE," an : individual, | |
| : | |
| Defendants. : | |

**Plaintiff's Opposition to Defendants Roy and Amy Chanson's Motion for Sanctions Pursuant to Fed. R. Civ. P. 11**

Plaintiff, Jane Doe (a minor), through her father John Doe, hereby files this Opposition to Defendants Roy E. Chanson and Amy L. Chanson's Motion for Sanctions Pursuant to Rule 11.

**I. Introduction**

Defendants Roy and Amy Chanson have moved for sanctions based on their version of events preceding this lawsuit. The sworn facts Plaintiff relied upon in bringing this action, however, contradict Roy and Amy Chanson's version of events. The best scenario for Roy and Amy Chanson is that the previously investigated facts are disputed, and will be resolved in discovery. At worst, they have misrepresented the events in their

sworn statements to the Court. Neither scenario is a proper basis for sanctions against Plaintiff's counsel, and their Motion should be denied.

As early as September 2012, Plaintiff's counsel came into possession of information indicating that Roy and Amy Chanson were involved in the operation of the UGotPosted/YouGotPosted site and its predecessor site, previously found at the domain name <isanyoneup.net>. The individuals who provided this information had at least one phone conversation with Roy and Amy Chanson where they indicated having a level of participation and involvement in the site. Only months later, upon the advent of this litigation, did Roy and Amy Chanson deny that involvement. However, based on the pre-existing evidence of Roy and Amy Chanson's involvement in the YouGotPosted/UGotPosted site in the possession of Plaintiff's counsel, Plaintiff's Complaint was filed with appropriate evidentiary support and after a reasonable inquiry into the facts it alleges.

Most troubling in Roy and Amy Chansons' motion, however, is the revelation that they are not proceeding *pro se* as they represent to the Court. Clearly, they are being assisted by counsel, albeit counsel who refuses to appear before the Court, and who refuses to identify him/her self. On Page four of the motion (ECF 16), an unknown author added the comment "please note, I did not have access to Schwarzer's treatise but rather found these citations elsewhere."[1] (ECF 16 at 4) On page seven, another artifact of an outside, undisclosed (but almost certainly licensed to practice law) author's involvement

---

[1] Schwarzer's treatise is an apparent reference to California Practice Guide: Federal Civil Procedure Before Trial by William W. Schwarzer. It is extremely unlikely that persons with no legal education would be aware of this treatise, let alone refer to it colloquially as "Schwarzer." Additionally, it is even more unlikely that the Chansons, as New Jersey residents supposedly defending themselves in a case pending in Ohio, would seek a California-specific practice guide as a resource for their motion.

2

is present, where the Chansons are instructed in brackets to "[cite declarations]." (ECF 16 at 7, ln. 2)  Roy and Amy Chanson's motion for sanctions is not their attempt to redress a valid grievance, but an undisclosed attorney's attempt to obtain an advantage in this litigation by his clients – Roy and Amy Chanson – passing off his or her briefing as a *pro se* submission to the Court, and unless he/she is licensed in this district, the clear unlicensed practice of law.

## II. Statement of Facts

The origins of this litigation precede the filing of the Complaint, or even the Defendants' publication of Plaintiff's lewd and lascivious images.  In September 2012, Roy and Amy Chanson communicated with Ronald D. Green in connection with a trademark dispute concerning the YouGotPosted/UGotPosted site (ECF 15-2; ECF 23-2 ¶7 4-8; Exhibit A ¶¶ 6-10).  In fact, Mr. Green had several conversations with a combination of himself, Eric Chanson, Amy Chanson, and Roy Chanson between September 15 and 17, 2012. (ECF 23-2 ¶¶ 4-6).

During those conversations, Roy and Amy Chanson represented to be aware of the site, its content, and to be assisting their son, Eric, with its operation (Exhibit A ¶¶ 6-10).  Specifically, Roy Chanson stated that he was helping his son, Eric, manually modify the watermarks on content found on the site (ECF 15-2 ¶¶ 8-15).  Roy and Amy Chanson both spoke for Eric and the site regarding their respective positions that dispute – certainly with the apparent authority to do so.  (Exhibit A; ECF 23-2 ¶¶ 4-8)  Long before this lawsuit came into existence, Roy and Amy Chanson knew about the UGotPosted/YouGotPosted site, and even told Mr. Green that they were aware of the site's content.  Roy and Amy Chanson's statements confirmed that they were

3

participating in the site's transactions (including the settlement of other pending litigation), and the site's operations, including the editing of images displayed within it (ECF 15-2 ¶¶ 8-15; ECF 23-2 ¶¶ 4-8; Exhibit A ¶¶ 6-10).

Mr. Randazza first became aware of this motion for sanctions when it was filed with the Court (ECF 16). While Amy Chanson has supplied the Court with a form from the United States Postal Service stating that a package was received at 6525 W. Warm Springs Road in Las Vegas, Nevada and signed by Gergana Georgieva (ECF 21 at 7), Mr. Randazza has no knowledge as to this person's identity – she is not, nor has ever been, an employee of Randazza Legal Group or otherwise associated with the firm (Decl. of M. Randazza ¶¶ 6-9). Regardless, even if the Court deems the Chansons' Rule 11 motion as properly served before filing, Mr. Randazza brought this case only after what he considered a rigorous pre-filing investigation of Roy and Amy Chanson's involvement in the YouGotPosted/UGotPosted site – relying on conversations with and the sworn statement of Mr. Green, his law partner (which, in turn, are based on Roy and Amy Chanson's own statements), the representations of others, and Amy and Roy Chanson's refusal to speak directly with him regarding their involvement in the site (Randazza Decl. ¶¶ 10-15).

### III. Legal Argument

Federal Rule of Civil Procedure 11 grants a district court jurisdiction to award sanctions where a party submits a pleading for an improper purpose, or if their allegations and factual contentions do not have evidentiary support. *First Bank v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002), *quoting Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997). Once a Rule 11 motion is

4

filed, the non-moving party shall show that it made a reasonable pre-suit investigation. *Clark v. Walt Disney Co.*, 748 F.Supp.2d 792, 797-98 (S.D. Ohio 2010), *citing Digeo, Inc. v. Audible, Inc.*, 505 F.3d 1362, 1368 (Fed. Cir. 2007).  Plaintiff has met this standard, and sanctions against Plaintiff's counsel are inappropriate.

Plaintiff's counsel conducted more than a reasonable pre-filing inquiry before bringing this action.  Plaintiff's counsel's investigation was based on sworn testimony made months before this suit was filed, which was based on the statements of Roy and Amy Chanson themselves.  Roy and Amy Chanson further failed to comply with the 21-day notice requirement of Rule 11(c)(2), even if ultimately not their fault.  Furthermore, there is no requirement for the Court to impose *monetary* sanctions upon Plaintiff's counsel even if sanctions were somehow appropriate.  Fed. R. Civ. P. 11.  There is similarly no requirement that any sanction be made payable to the movant, contrary to Roy and Amy Chanson's request that they be the beneficiaries of their own motion (ECF 16 at 5).

**A. Plaintiff Conducted a Reasonable Pre-Suit Inquiry Into Its Allegations, Which Contradicts Roy and Amy Chanson's Current Claims of Innocence.**

The United States Court of Appeals for the Sixth Circuit's standard for granting sanctions is left to the Court's discretion, and a question of "whether the attorney's conduct was reasonable under the circumstances." *Clark,* 748 F.Supp.2d at 797-98 (S.D. Ohio 2010), *quoting Ridder v. City of Springfield*, 109 F.3d 288, 293 (6th Cir. 1997). Before filing suit, an attorney is required to make "an inquiry reasonable under the circumstances." *Hy-Ko Prods. Co. v. Hillman Group, Inc.*, Case No. 5:10-cv-992 *2012*

*U.S. Dist. LEXIS 33985* at *16 (S.D. Ohio Mar. 14, 2012), *citing Merritt v. Int'l Assn. of Machinists and Aerospace Workers*, 613 F.3d 609, 626 (6th Cir. 2010).

For the Court to impose Rule 11 sanctions, the movant must show "objectively unreasonable conduct" by the non-movant. *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 517 (6th Cir. 2002), *quoting U.S. v. Kouri-Perez*, 187 F.3d 1, 8 (1st Cir. 1999). The purpose of Rule 11 sanctions is to deter "baseless" filings, *Cooter & Gell v. Martmarx Corporation*, 496 U.S. 384, 393 (1990), rather than act as a tool for a defendant unwilling to proceed with litigation to seek release from a suit where he or she is reasonably and properly named. Plaintiff's knowledge of Roy and Amy Chanson's activity in the YouGotPosted/UGotPosted site arises in large part from Roy and Amy Chanson's conduct in another lawsuit also related to that enterprise, *ViaView v. Chanson et al.*, Case No. 2:12-cv-01657 (D. Nev. 2012).

### 1. Plaintiff's Pre-Suit Inquiry Was Supported By Several Sources, Including Roy and Amy Chanson Themselves.

Roy and Amy Chanson had several conversations about the YouGotPosted/UGotPosted site with Messrs. Green and Randazza. As Eric Chanson claims in his reply brief in support of his motion to dismiss, he put his mother "on the phone to talk to Randazza" regarding the site. (ECF 18 ¶ 4) Mr. Green's phone records further indicate that he had five calls with Eric Chanson's phone number between September 15 and 17 2012, with Roy and Amy Chanson both participating at various points (ECF 23-2 ¶¶ 4-8; ECF 23-3). During these calls, Amy Chanson discussed the site and the settlement agreement that ViaView, Incorporated ("ViaView") had sent to Eric to sign (ECF 15-2 ¶¶ 3-6). Additionally, Roy Chanson represented that he and Amy were at

6

minimum assisting Eric in the editing of the photos on the site – a process that Roy Chanson pointed out was time-consuming and labor intensive (*id.* ¶¶ 8-15).

This information was confirmed by a non-party to this litigation, James McGibney. During the ViaView litigation, Eric Chanson informed Mr. McGibney that he, in Mr. Gibney's words, "could not take action" with respect to the website or the settlement agreement "without the consent and approval of his parents," Roy and Amy Chanson (ECF 15-1 ¶ 8). McGibney's telephone conversations with Eric Chanson occurred in September 2012 (*id.* ¶ 7).[2] Plaintiff's counsel knew the contents of McGibney's conversations with Eric Chanson well in advance of filing this suit. (Randazza Decl. ¶¶ 11, 15)

Based on this information, Plaintiff believed that Roy and Amy Chanson had some role in the operation of YouGotPosted/UGotPosted since at least September 2012. Roy Chanson informed Mr. Green that he and Amy were assisting his son in altering images to the site (ECF 15-2 ¶¶ 8-15). According to McGibney, Eric Chanson needed the approval of Roy and Amy Chanson before acting to bind the YouGotPosted/UGotPosted site (ECF 15-1 ¶ 8). Even in an unsworn attempt to exonerate his parents, Eric Chanson admits to putting his mother on the phone to speak to Mr. Randazza, and her engaging in the phone call (ECF 18 ¶ 4) – an act that defied logic and reason if she truly had no knowledge of, or involvement in, the YouGotPosted/UGotPosted site and its operations.

Where an argument is supported by evidence, sanctions under Rule 11(b)(3) are inappropriate. *Abernathy v. Corinthian Colleges, Inc.*, Case No. 2:10-cv-131 *2013 U.S.*

---

[2] It is worth noting that Eric Chanson is well beyond the age of majority. Based on Plaintiffs' counsel's investigation, he is currently 23 years old. Accordingly, this is not some child seeking his parents' approval, but an adult who clearly was in business with the other Chansons – until it became legally inconvenient.

7

*Dist. LEXIS 71222* at *6 (S.D. Ohio May 20, 2013).  The test for the imposition of Rule 11 sanctions is "whether the individuals conduct was reasonable under the circumstances." *Union Planters Bank v. L&J Development Co.*, 115 F.3d 378, 384 (6th Cir. 1997); *Wolfel v. Collins*, Case No. 2:07-cv-1296 *2011 U.S. Dist. LEXIS 418* at *11 (S.D. Ohio Jan. 4, 2011).  The facts obtained prior to filing suit constituted a reasonable pre-suit inquiry under the circumstances.  Roy and Amy Chanson, as well as their son Eric, provided Plaintiff's counsel the information necessary to determine they had at least some role in the administration of the site (ECF 15-2; ECF 23-2; Exhibit A), and apparent (if not actual) authority over the site's operations (ECF 15-1 ¶ 8) (stating that Eric needed to consult with his parents before acting on the site's behalf).

Additionally, filing suit against Roy and Amy Chanson in Ohio was not unreasonable based upon the facts in Plaintiff's counsel's possession.  Plaintiff is located in Ohio and has suffered harm within her home jurisdiction.  As set forth in Plaintiff's opposition to Roy and Amy Chanson's motion to dismiss, YouGotPosted/UGotPosted has numerous Ohio victims, advertises their presence on the site, and solicits submissions of images from Ohio residents (ECF 15, 15-3, 15-4, 15-5, 15-6, 15-7, 15-8).  This information was publicly available to Plaintiff and Plaintiff's counsel prior to filing the Complaint.  Plaintiff, and Plaintiff's counsel, conducted a reasonable inquiry as to the Court's entitlement to exercise personal jurisdiction over all Defendants before bringing this suit.  Under the *Calder* effects test and the facts submitted to the Court, it does (ECF 15 at 5-10), and Plaintiff's discussion of this test should be considered incorporated herein by reference.

To the extent Roy and Amy Chanson now dispute the sworn statements of Messrs. McGibney and Green, this does not render Plaintiffs' pre-suit investigation of the facts unreasonable. Plaintiffs' counsel had no reason to doubt the statements of Mr. McGibney. Similarly, Plaintiff's counsel had no reason to doubt the statements of Mr. Green, who has been an attorney in Nevada since 2000 and is a partner in Mr. Randazza's firm (ECF 15-2; ECF 23-2), but who is not counsel in this case. Based on the facts known to Plaintiff's counsel and the sources through which they were obtained, Plaintiff's pre-suit investigation was reasonable.

### 2. In Addition to Extant Evidence, Plaintiff's Allegations Were Supported By "Evidence Reasonably Anticipated After Further Discovery."

Despite attempts to communicate with the Chansons and their Nevada counsel before filing and prosecuting this case, the Chansons refused to candidly discuss the YouGotPosted/UGotPosted site (Randazza Decl. ¶14). Rule 11(b)(3) contemplates conduct like the Chansons' – refusing to cooperate in a pre-suit investigation, and then seeking sanctions based on an allegedly insufficient investigation – and allows for the allegation of facts to be established in discovery. Rule 11(b)(3) provides "flexibility to allow pleadings based on evidence reasonably anticipated after further discovery." *Arnold v. Petland, Inc.*, Case No. 2:07-cv-1307 *2009 U.S. Dist. LEXIS 31377* at *10 (S.D. Ohio 2009), *quoting Rotella v. Wood*, 528 U.S. 549, 560 (2000), *accord Michaels Building Co. v. Ameritrust Co.*, 848 F. 2d 674, 679-81 (6th Cir. 1988). Based on the Chansons' representations to James McGibney and Ronald Green – who have sworn to these statements under penalty of perjury – there was substantial justification for Plaintiff's counsel to allege that, upon information and belief, Roy and Amy Chanson

9

"supervised, assisted, and participated in the formatting and distribution of images appearing on the YouGotPosted site." (ECF 2 ¶¶ 21, 24)

B.  **Defendants' Request for Sanctions Under Rule 11 Should be Denied Because Roy and Amy Chanson Never Served Plaintiff With a Copy of the Motion.**

Rule 11 requires that the moving party serve a copy of the motion 21 days prior to filing the motion with the court. Fed. R. Civ. P. 11(c)(2). The U.S. Court of Appeals for the Sixth Circuit held that this rule is "unquestionably explicit," and that failure to comply with 21-day safe harbor requirement is grounds for denying the motion. *Ridder v. City of Springfield*, 109 F.3d 288, 294 (6th Cir. 1997).  Where there is no record evidence showing a movant complied with Rule 11's timing requirements, colleagues of this Court have declined to consider requests for sanctions arising under it. *Union Cent. Life Ins. Co. v. Balian*, Case No. 1:10-cv-147 *2011 U.S. Dist. LEXIS 49685* at *17 (S.D. Ohio Mar. 8, 2011).  The facts before the Court suggest that Roy and Amy Chanson have not complied with Rule 11's requirements, and their motion may be denied on that basis alone.  Most tellingly, Roy and Amy Chanson's Rule 11 motion makes no mention of any draft motion being served on Plaintiffs' counsel before it was filed (ECF 16).

Amy Chanson's declaration introduces an exhibit showing that "Gergana Georgieva" signed for her mailing to 6525 W. Warm Springs Road in Las Vegas, Nevada.  Mr. Randazza has no knowledge this person's identity, despite her signing for his mailings (Randazza Decl. ¶ 7).  She is not, nor ever has been, an employee of Randazza Legal Group, or otherwise associated with the firm in any way (*id*. ¶ 8).  Accordingly, Mr. Randazza never saw the Chansons' proposed Rule 11 motion (Randazza Decl. ¶ 9).

10

Even if Mr. Randazza did receive a draft of the Chansons' Rule 11 motion, Roy and Amy Chanson still appear to have not abided Rule 11's strictures. Roy and Amy Chanson's declarations (ECF 21; ECF 22) are conspicuously silent as to when they deposited their draft Rule 11 motion in the mail to Randazza. The only document submitted to show the document was served on Randazza is the above-discussed delivery confirmation, which states that the parcel was delivered on July 29, 2013 (ECF 21 at 7). Assuming this is the date service was deemed completed, Rule 11(c)(2) required Roy and Amy Chanson to wait 21 days to file the motion. Although the motion is marked as filed on August 21, 2013, it was pre-dated long before the 21-day harbor that began on July 29, 2013 expired. Roy Chanson signed the Rule 11 motion on August 16, just 18 days after it had been allegedly served upon Mr. Randazza. Amy Chanson signed the motion on August 13, only 15 days after service had allegedly been completed.

To the extent Roy and Amy Chanson's pre-dated motion can be deemed to be timely filed, it satisfies the appropriate time period only because of the delay in mailing the motion from their New Jersey residence to this Court. The fact that both Roy and Amy Chanson pre-dated the motion before the 21-day safe harbor period in Rule 11(c)(2) expired evidenced their intent to file it less than 21 days after Mr. Randazza was supposed to receive it on July 29, 2013.[3] Where the record as to a movant's observation of the Rule 11 safe harbor is unclear, as it is here, other courts have declined to consider

---

[3] The fact that Roy and Amy Chanson do not disclose the date on which they mailed the motion is also relevant for the calculation of when the 21-day safe harbor period begins to accrue. Under Fed. R. Civ. P. 6(d), mailing via U.S. Mail under Rule 5(b)(2) adds another 3 days onto any deadlines under the Federal Rules of Civil Procedure. If Roy and Amy Chanson mailed a draft motion – albeit one Mr. Randazza never received – one or two days before the July 29 date Ms. Georgieva signed for it, the 21-day safe harbor period under Rule 11(c)(2) would start even later than July 29, 2013.

11

the motion's merits. *Balian*, 2011 U.S. Dist. LEXIS 49685 at *17; *see Solomon v. Mich. State Police*, Case No. 1:08-cv-858 *2009 U.S. Dist. LEXIS 86276* at *12-13 (W.D. Mich. 2009).  At minimum, the Chansons' pre-dating of the motion shows their bad faith intent in filing their motion: Rather than wait for the 21-day safe harbor to expire before filing their motion, they had committed to filing it before the limitation on doing so had even expired.

In addition to failing substantively, Roy and Amy Chanson's motion for Rule 11 sanctions should fail procedurally as well.  Because the attorney who wrote the motion – or at least significantly contributed to it (*see* ECF 16 at 4) – did not e-file it, the exact date it was mailed to the Court and reached the clerk's office before being filed is unclear.  All that is known is that Roy and Amy Chanson signed the motion well before Rule 11(c)(2)'s safe harbor period expired (*see* ECF 16 at 7; ECF 21 at 7).  Here, the facts as to what Roy and Amy Chanson did to comply with Rule 11(c)(2)'s safe harbor period are unclear, and not addressed within their motion at all (ECF 16).  As with other courts facing similar ambiguities about a movant's compliance or non-compliance with Rule 11(c)(2), the Court should decline to even consider the motion on this basis.

**C. Even If Sanctions Were Appropriate, Roy and Amy Chanson, Proceeding *Pro Se*, Are Not Entitled To Any Award of Attorneys' Fees.**

Within their motion for sanctions, Amy and Roy Chanson seek the payment of sanctions directly to them (ECF 16 at 5).  Even if sanctions were appropriate in this case, the recovery of Roy and Amy Chanson under Rule 11(c)(2) and (4) would be extremely limited.  It is well-established by the United States Court of Appeals for the Sixth Circuit that parties appearing *pro se* cannot recover attorneys' fees. *Kay v. Ehrler*, 900 F.2d 967

(6th Cir. 1990); *Falcone v. IRS*, 714 F.2d 646, 648 (6th Cir.1983), *cert. denied*, 466 U.S. 908. Even if sanctions were appropriate, this bar on *pro se* litigants' recovery of attorneys' fees would deprive them of much of their benefit.

Roy and Amy Chanson's request for payment within its motion despite claiming not to have incurred legal fees in this case, rather than simply seeking relief from the lawsuit itself, is important. This request is probative as to 1) Roy and Amy Chanson's intent to use a motion for sanctions to intimidate Plaintiff into withdrawing her claims, and 2) the clear evidence that an attorney who has not appeared before this Court is ghost-writing Roy and Amy Chanson's submissions, and wishes to be secure in his or her payment (*see* ECF 16 at 4, 7).

### IV. Conclusion

Roy and Amy Chanson's request for sanctions is improper, pretextual, and should not be granted. The fact that Roy and Amy Chanson pre-dated their motion before the expiration of Rule 11(c)(2)'s 21-day safe harbor period casts doubt upon the propriety of their motion; their filings with this Court are also unilluminating as to whether they observed the mandatory 21-day safe harbor period. However, even if they had, Plaintiff's counsel conducted a reasonable inquiry into both the facts alleged in the complaint (and those expected to be developed in discovery) and the basis for this Court's jurisdiction.

Instead, Roy and Amy Chanson's motion for sanctions should act as a boomerang and raise serious questions about what undisclosed legal assistance they, as *pro se* litigants and ostensibly non-lawyers, are receiving in drafting their motions. A ghostwriter, known only to the Chansons, advised them that he did not have access to a California-specific legal treatise (ECF 16 at 4). This unknown author's role, likely as an

attorney, would explain the Chanson's desire to seek remunerative sanctions against Plaintiff's counsel (*id*. at 5).  However, as parties proceeding *pro se*, Roy and Amy Chanson are not allowed to recover attorneys' fees – if they were allowed to recover anything at all.  Based on Plaintiff's reasonable pre-suit investigation based on sworn testimony from two sources and information available from the YouGotPosted/UGotPosted site, and the serious doubt that Roy and Amy Chanson complied with Rule 11(c)'s timing requirements, their motion should be denied.

Dated: September 10, 2013                                            Respectfully submitted,

/s/ Marc J. Randazza
Marc. J. Randazza
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV 89135
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

/s/ H. Louis Sirkin
H. Louis Sirkin, Ohio Bar No. 24573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

*Attorneys for Plaintiff,*
*Jane Doe*

## Certificate of Service

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Eric S. Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy, LLC
1747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, AZ 85260

Kevin Bollaert
1765 Garnet Avenue 27
San Diego, CA 92109

Dated: September 10, 2013

_____
Employee, Randazza Legal Group