IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, through her father JOHN DOE, | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Case No.: 2:13-cv-00486-GLF-MRA |
| KEVIN C. BOLLAERT, an individual; ERIC S. CHANSON, an individual; ROY E. CHANSON, an individual; AMY L. CHANSON, an individual; BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED"; and "JOHN DOE," an individual, | : : : : : | Judge Gregory L. Frost<br><br>**PLAINTIFF'S MOTION TO STRIKE ALL FILINGS BY ROY AND AMY CHANSON AND THE MOTION TO DISMISS OF ERIC CHANSON (ECF 9, 12, 16, AND 20), AND, IN THE ALTERNATIVE, MOTION FOR ORDER TO SHOW CAUSE, AND SUPPORTING MEMORANDUM OF LAW** |
| Defendants. | : | |

**PLAINTIFF'S MOTION TO STRIKE ALL PLEADINGS BY ROY AND AMY CHANSON AND THE MOTION TO DISMISS OF ERIC CHANSON, AND, IN THE ALTERNATIVE, MOTION FOR ORDER TO SHOW CAUSE**

Plaintiff, Jane Doe, through her father John Doe, ("Plaintiff") files this motion to strike all of the filings made by Roy and Amy Chanson in this matter (ECF 9, 16, 20), as well as Eric Chanson's motion to dismiss (ECF 12), as they were all improperly ghost-written by undisclosed outside source.  In the alternative, Plaintiff moves the Court to issue an order to show cause as to why Roy and Amy Chanson's conduct, as well as that of their undisclosed attorney, should not be sanctioned.  Plaintiff bases her motion on the following memorandum of points and authorities, the attached declaration, the filings on record in this case, and any oral argument the Court may allow.

Dated: September 12, 2013           Respectfully submitted,

/s/ Marc J. Randazza
Marc. J. Randazza
Randazza Legal Group
3625 S. Town Center Drive
Las Vegas, NV 89135
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

/s/ H. Louis Sirkin
H. Louis Sirkin, Ohio Bar No. 24573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

*Attorneys for Plaintiff,*
*Jane Doe*

**MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF
PLAINTIFF'S MOTION TO STRIKE ALL FILINGS BY ROY AND AMY
CHANSON AND THE MOTION TO DISMISS OF ERIC CHANSON (ECF 9, 12,
16, AND 20), AND, IN THE ALTERNATIVE,
MOTION FOR ORDER TO SHOW CAUSE**

**I. Introduction**

Amy and Roy Chanson claim to be *pro* se litigants, but they clearly (and admittedly) are not. The Chansons sign their filings as if they were their own, but their submissions to the Court were drafted by an attorney, who declines to identify himself, and who the Chansons decline to identify. The Plaintiff suspected this initially, as the Chansons' briefs are suspiciously well-drafted. While the arguments therein are not well-taken, they are clearly written by someone with legal training, and they are bluebooked to perfection (ECF 9, 12, 16, 20). The suspicion is brought into focus as Roy and Amy

2

Chanson's Rule 11 motion contains comments from its actual author that were not removed by the Chansons prior to its filing. Based upon that, it is clear that someone other than the Chansons – who, to Plaintiff's knowledge, are not attorneys – wrote them.

This Court, like many others nationwide, finds ghost-writing unacceptable. The Chansons' attorney is either licensed in this district, in which case he or she should be called to account for his/her own violation of Fed. R. Civ. P. 11, or he or she is not licensed in this district and failed to seek *pro hac vice* admission, in which case he or she should *also* be disciplined for the unlicensed practice of law.

Consistent with the remedies other courts have used to cure the record of ghost-written submissions, all of the ghost-written pleadings in this case should be stricken. The Chansons should be ordered to reveal the identity of their true author, who may face appropriate discipline before this Court. If the Chansons refuse to do so, the Court should enter sanctions against them, and have those sanctions increase for each day the Chansons deny the Court and Plaintiff the identity of their proper representative.

## II. Statement of Facts

Prior to Plaintiff filing this suit, Roy and Amy Chanson told Ronald Green, an attorney with the firm currently representing Plaintiff, that they were involved with the editing of images displayed on the YouGotPosted/UGotPosted site (ECF 15-2, 23-2, 26-2). Roy and Amy Chason apparently were involved in negotiations over the site's other legal matters as well (ECF 15-1; *see* ECF 15-2, 23-2, 26-2). Now that they are being taken to task for their part in the publication of (and profiting from) child pornography, they prefer to deny all involvement.

3

In doing so, they submitted a thoroughly researched motion to dismiss under Fed. R. Civ. P. 12(b)(2) (ECF 9) and a supporting reply brief (ECF 20).  The Chansons also filed a Rule 11 motion for sanctions (ECF 16).  The Chansons' Rule 11 motion contained comments added by their attorney (ECF 16 at 4).  One of the unknown attorney's comments, found on page four, references a specific California federal practice treatise, William Schwarzer's <u>California Practice Guide: Federal Civil Procedure Before Trial</u>, as "<u>Schwarzer's treatise</u>." (*Id*.)  Later, on page seven, the unknown attorney left bracketed instructions for the Chansons to "[cite declarations]." (ECF 16 at 7, line 2)

Amy Chanson confirmed that she, and presumably Roy and Eric Chanson,[1] have an attorney, but Amy Chanson refused to identify him or her by name. (Decl. of L. Tucker ¶¶ 3-6)  When Plaintiff's counsel contacted Amy Chanson to inquire about who actually drafted her and Roy Chanson's pleadings, Amy Chanson said that she needed her lawyer present (*id*.).  When asked for the attorney's identity, Amy Chanson refused, after several requests, to identify her and Roy Chanson's attorney (*id*.).  Presumably, the attorney Amy Chanson referenced is the one writing the Chansons' motions in this action, which they have improperly passed off as their own *pro se* submissions.  Without being able to contact the Chansons' attorney, though, Plaintiff's counsel has been unable to confirm this.

Amy Chanson's refusal to identify her counsel poses problems for Plaintiff's counsel.  As Plaintiff's attorneys represented to Amy Chanson over the phone, all

---

[1] In their filings with this Court, Roy, Amy, and Eric Chanson have all indicated they live at the same address.

communications would have to be directed to her attorney (Tucker Decl. ¶¶ 4-6).[2] Amy's refusal to identify her attorney makes it impossible for Plaintiff's counsel to proceed with this litigation – as they know Amy Chanson is represented and ethically cannot contact her, but have been denied the identity of her attorney (*see id*.). This represents a bar to Plaintiff being able to, *inter alia*, schedule a Rule 26(f) conference, file a Rule 26(f) report with the Court, and schedule discovery upon a party that is not truly unrepresented.

Faced with this impasse, Plaintiff must turn to the Court for relief. Amy and Roy Chanson have counsel (Tucker Decl. ¶¶ 3-6) and are not proceeding *pro se*. Without an appearance by their counsel, and based on the Defendants' refusal to identify him or her, Plaintiff requires the aid of this Court to provide a remedy so that the case may proceed and the integrity of the legal process may be maintained. It is problematic that some attorney, somewhere, has decided to represent the Chansons in this litigation, but does not have the ethical fortitude to identify himself or herself. Meanwhile, he or she is assisting the Chansons in their subterfuge that they are unrepresented in this action.

### III. Legal Argument

Amy, Roy and Eric Chanson have filed numerous motions and other documents with the Court that are ghost-written and should be stricken, with sanctions imposed upon them and their undisclosed attorney. "Preparing pleadings for a party who purports to appear unrepresented has been characterized by some as 'ghostwriting.' Courts disapprove of such conduct and find it sanctionable." *In re Castorena*, 270 B.R. 504, 514 (Bankr. D. Idaho 2001). In this case, it is apparent that the Motions to Dismiss filed by Eric Chanson (ECF 12), Roy and Amy Chanson (ECF 9), the Rule 11 Motion filed by

---

[2] *See* Nevada R. Prof. C. 4.2; Ohio R. Prof. C. 4.2.

Roy and Amy Chanson (ECF 16), and Roy and Amy Chanson's Reply Brief (ECF 20) have been written by an undisclosed attorney.  The glaring disparity between Eric Chanson's Motion to Dismiss (ECF 12) and his reply and supplemental briefing (ECF 18, 24) demonstrates the outside assistance he and his parents obtained from an undisclosed attorney.

Amy Chanson admits that she has an attorney representing her (Tucker Decl. ¶¶ 3-6), and presumably others from her family, removing any chance that the papers that Roy and Amy Chanson have submitted to the Court are genuinely *pro se* submissions. Identically, Eric Chanson's motion to dismiss was clearly drafted by an attorney (*compare* ECF 9 and ECFs 24, 28).  As a remedy, the Court should strike these filings and order the Chansons to show cause why sanctions should not be imposed upon them.

> **A.**  **The Chansons' And Their Undisclosed Attorney's Ghostwriting Constitutes A Violation of Rule 11 and Ethical Rules.**

Ghostwriting for a *pro se* litigant is unethical because it permits a party to falsely appear as being without professional assistance.  It is a deliberate maneuver to either evade the licensure requirements by non-attorneys or it is an attempt by a licensed attorney to evade the responsibilities imposed by Rule 11.[3]  The First Circuit explained one of many problems with the ghostwriting of legal documents.  "[I]n some cases actual members of the bar represent petitioners, informally or otherwise, and prepare briefs for

---

[3] This is to say nothing of the other violations inherent in the ghost-writing of legal filings within this state.  In addition to violating Ohio Rule of Professional Conduct 3.3, requiring candor before the tribunal, and Rule 1.2(c), which prohibits the unreasonable limitation of representation, if the unknown attorney drafting filings for the Chansons is not licensed in Ohio – and based on his or her reliance on a California-specific treatise in drafting the Rule 11 motion (ECF 16 at 4), there is a strong likelihood that he or she is not – the ghost-writing before this Court likely constitutes the unauthorized practice of law under Ohio Revised Statutes § 4705.07.

them which the assisting lawyers do not sign, and thus escape the obligation imposed on members of the bar typified by F.R.C.P. 11." *Ellis v. State of Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971). Explaining this problem, the First Circuit held "we cannot approve of such a practice. If a brief is prepared in any substantial part by a member of the bar, it must be signed by him [or her]." *Id*.

1. **Courts Nationwide Have Condemned the Ghost-Writing of Allegedly "Pro Se" Filings.**

Other courts across the nation have followed the *Ellis* court's directive in condemning the ghost-writing of ostensibly *pro se* filings. *See, e.g., Johnson v. Board of County Comm'rs for County of Freemont*, 868 F. Supp. 1226 (D. Colo. 1994) ("Ghost writing is a deliberate evasion of Rule 11 and the practice is '*ipso facto*' lacking in candor."). The Eastern District of Virginia opined that, in addition to violating Rule 11, ghostwriting exploits the leniency given to *pro se* litigants. *Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F. Supp. 1075 (E.D. Va. 1997) (Ghostwriting pleadings without acknowledging authorship is inconsistent with Fed. R. Civ. P. 11). *See also Doran v. Carris*, 238 F.3d 1268, 1272 (10th Cir. 2001) (Ethics requires that a lawyer acknowledge the giving of his advice by the signing of his name).

It is ironic that a Rule 11 motion would, itself, be drafted and filed in clear violation of Rule 11. (ECF 16 at 4, 7) Nevertheless, ghost-written motions violate Rule 11. *See, e.g., Ricotta v. State of California*, 4 F. Supp. 2d 961, 985-986 (S.D. Cal. 1998) (citing *Ellis*, 448 F. 2d 1325; *Johnson*, 865 F. Supp. 1226; *Greer v. Kane*, 136 L. Ed. 2d 536, (1986); *Laremont-Lopez*, F. Supp. 1075. In *Ricotta*, the United States District Court for the Southern District of California condemned the practice of ghostwriting, but

7

declined to discipline the attorney or the party due to the lack of clear guidelines against the practice existing at that time, roughly 15 years ago. *Id*. at 988.

> Ghost-writing raise[s] three areas of concern. First, . . . the standard practice of federal courts is to interpret filings by pro se litigants liberally and to afford greater latitude as a matter of judicial discretion. [Therefore,] allowing a pro se litigant to receive such latitude in addition to assistance from an attorney would disadvantage the nonoffending party. Second, . . . ghost-writing is a deliberate evasion of the responsibilities imposed on counsel by Fed. R. Civ. P. 11. Rule 11 obligates members of the bar to sign all documents submitted to the court, to personally represent that there are grounds to support the assertions made in each filing. Third, . . . such behavior implicate[s] the Rules of Professional Responsibility, specifically the ABA's Model Code of Responsibility DR 1-102(A)(4), providing that an attorney should not engage in conduct involving dishonesty, fraud, deceit or misrepresentation. Additionally,. . . '[h]aving a litigant appear to be pro se when in truth an attorney is authoring pleadings and necessarily guiding the course of the litigation with an unseen hand is ingenuous to say the least; it is far below the level of candor which must be met by members of the bar.' *Ricotta*, 4 F. Supp 2d at 986.

Since then, Courts have reinforced the fact that an attorney's[4] ghostwriting of legal pleadings is impermissible. *See, e.g., Barnett v. LeMaster*, 12 Fed. Appx. 774 (10th Cir. 2001) (The failure of an attorney to acknowledge the giving of advice by signing his name constitutes a misrepresentation to the court by both the litigant and attorney. For these reasons, the United States Court of Appeals for the Tenth Circuit has held that any ghostwriting of an otherwise *pro se* brief must be acknowledged by the signature of the

---

[4] Plaintiff can only *presume* that the Chansons' ghostwriter is an attorney based on the research contained in their filings, language and syntax used, and firm grasp of the principles of legal argument. It is possible that the ghostwriter is a law student or an exceptionally talented layperson. Regardless, it is a violation that requires correction. *See Johnson v. City of Joliet*, 2007 U.S. Dist. LEXIS 10111 (N.D. Ill. 2007) (concluding that if a licensed attorney ghostwrites for an ostensibly *pro se* litigant, doing so is unprofessional conduct; if a layperson does so, then it is the unlicensed practice of law). In any event, if examining the Motions to Dismiss filed by Eric Chanson and Roy and Amy Chanson (ECFs 9 and 12), it is apparent that the two are virtually identical. Accordingly, *someone* who did not sign those pleadings actually authored them.

8

attorney involved.); *United States v. Garcia-Gallardo*, 2010 U.S. Dist. LEXIS 122570 (D. Kan. Nov. 18, 2010) (holding that an attorney who ghostwrites a brief for a pro se litigant may be subject to discipline both for a violation of the rules of professional conduct and for contempt of court.); *Smallwood v. NCsoft Corp.*, 730 F. Supp. 2d 1213, 1222 (D. Haw. 2010) (holding that ghostwriting is inappropriate, citing to *Ricotta*); *DeForest v. Johnny Chisholm Events*, LLC, 2010 U.S. Dist. LEXIS 43344 (N.D. Fla. May 4, 2010) (ghostwriting has been deemed a deliberate evasion of the responsibilities imposed on counsel by Federal Rule of Civil Procedure 11 and, as such, has been widely condemned as unethical); *Tift v. Ball*, 2008 U.S. Dist LEXIS 27450, (W.D. Wash. 2008) (finding an ethical violation where attorneys to assist *pro se* litigants by preparing their briefs and thereby escape the obligations imposed on them under Rule 11).

**2. This District Has a Zero-Tolerance Stance on Ghost-Written Filings.**

This District has confronted the issue of ghost-writing filings for unrepresented parties in no uncertain terms. "**Ghostwriting of legal documents by attorneys on behalf of litigants who state that they are proceeding pro se has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court**." *Ostevoll v. Ostevoll,* No. C-1-99-961, 2000 WL 1611123 at *8-9 (S.D.Ohio Aug. 16, 2000) (emphasis added). The *Ostevoll* court went on to state "unequivocally" that an attorney's undisclosed ghost-writing of filings for pro se litigants "violates the Court's Rules and will not be tolerated." *Id*.

The *Ostevoll* court cited the *Laremont* opinion that ghost-writing exploits the leniency granted to *pro se* litigants and "unfairly exploits the mandate that pleadings of pro se litigants be held to a less stringent standard than pleadings drafted by lawyers,"

9

while nullifying the requirements of Rule 11. *Id*. at *8-9, *quoting Laremont*, 968 F. Supp. at 1077.  Furthermore, the *Ostevoll* decision relies on the *Ellis* decision for the proposition that ghost-writing violates Rule 11.  *Ostevoll,* 2000 WL 1611123 at *9. ("Moreover, this practice allows counsel to escape the obligation imposed on members of the bar under Rule 11 of representing to the court that there is good ground to support the assertions made.")  Finally, the *Ostevoll* court cited to *Ricotta* in noting that ghost-writing violates the rules of ethics.   This District's rule is clear:  "[T]his Court agrees with the 1st Circuit's opinion that, if a pleading is prepared in any substantial part by a member of the bar, it must be signed by him." *Id.*

      B.      **Because They Are Ghost-Written, the Chansons' Motions to Dismiss and For Sanctions, and Other Filings, Should Be Stricken.**

As Plaintiff has established that ghost-written filings are an ethical violation, the Court is now confronted with the question of what it should do about it.  It is permissible and proper for a court to strike purported *pro se* filings which were, in fact, ghost-written. *See Gordon v. Dadante*, 2009 U.S. Dist. LEXIS 54147 at *96 (N.D. Ohio June 26, 2009) (finding that a purported *pro se* filing was ghostwritten, the court agreed that it, and all ghost-written pleadings, should be stricken).  Other courts have stricken ghost-written pleadings because of their inherent dishonesty before the tribunal based on the powers of Rule 11. *See* Fed. R. Civ. P. 11(a) (requiring the Court to strike pleadings not signed by an attorney or a party if the party is actually unrepresented); *Lanier v. Futch (In re Futch)*, Case No. 09-01841 2011 Bankr. LEXIS 1935 at *12-13 (Bankr. S.D. Miss. May 18, 2011) (striking filing ghost-written by an author with legal training, but signed by *pro*

*se* litigants); *Alling v. Am. Tool & Grinding Co.*, 96 F.R.D. 221, 225 (D. Colo. 1982) (acknowledging striking of ghost-written filings as "direct[ed]" under Fed. R. Civ. P. 11).

The Chanson Defendants' own filings reveal that they were almost certainly written by an attorney (ECF 16 at 4, 7 (including notes from drafter); *compare* ECF 12 and ECF 24, 28 (noting disparity between quality, depth, legal analysis, and citations between Eric Chanson's "*pro se*" motion to dismiss and his *pro se* reply briefing and supplemental materials). Amy Chanson has revealed that she, and presumably the other Chansons with whom she lives, retained counsel who Plaintiff's counsel should direct their communications to (Tucker Decl. ¶¶ 3-6).

The Chansons' counsel has not appeared in this case, despite apparently writing all of Roy and Amy Chanson's filings.  Here, there is no doubt that the Chansons are using an attorney to craft and draft their legal arguments while presenting themselves to the Court as unrepresented parties.  In light of this conduct and Rule 11(a)'s requirement for filings to be signed by the attorney or party who actually drafted them, the ghost-written filings, ECFs 9, 12, 16 and 20, should be stricken.

    **C.**    **The Court Should Issue an Order to Show Cause As to Why Further Sanctions Should Not Be Imposed on Roy and Amy Chanson.**

Amy and Roy Chanson have engaged in exactly the conduct warned of in *Ellis* and *Laremont* – they seek to avail themselves of the leniency afforded unrepresented parties while having the benefit of legal counsel.  Furthermore, their undisclosed attorney seems to prefer to file unsupportable and sanctionable arguments (*see* ECF 23), while understandably wishing to shield himself or herself from the court's discipline.

This extends beyond their existing filings in this case, but to the forthcoming discovery phase of this case as well. Amy Chanson has placed Plaintiffs' counsel on notice that she and presumably the other Chansons have retained counsel, but refused to identify their attorney. Ethically, Plaintiff's counsel can only communicate with this unknown attorney. However, without this attorney's identity, Plaintiff's case cannot proceed without a court order instructing Plaintiff's counsel to communicate directly with Roy and Amy Chanson, or the appearance of the Chanson's undisclosed counsel.[5]

Roy and Amy Chanson should be ordered to disclose their counsel's identity. If the drafter of their filings is not an attorney licensed in this jurisdiction, the identity of the layperson who is authoring their pleadings should also be produced to the Court, and that person should be referred to the proper authorities for prosecution for the unlicensed practice of law. As the Northern District of Ohio has noted, the Court may entertain sanctions – including contempt of court – against "a party submitting ghostwritten material." *Gordon*, 2009 U.S. Dist. LEXIS 54147 at *96. If the author of the Chansons' filings is an attorney, he or she may also be ordered to show cause why he or she should not be sanctioned for violating Rule 11(a) and the duties of candor incumbent upon attorneys appearing before this Court. If the Chansons' ghost-writer is not licensed to practice law in this district, that person should be held accountable for the unlicensed practice of law as well.

---

[5] Given the severity of Roy and Amy Chanson's misrepresentations by ghost-writing filings signed by his or her client, it is extremely doubtful he or she will appear before this Court and be subject to the possibility of any discipline it may administer for his or her prior conduct in this case (*see* ECF 23 (detailing the many discrepancies between Roy and Amy's current statements and their prior actions with respect to the YouGotPosted/UGotPosted website)).

Only the Chansons have this information. By all appearances, they have deliberately concealed it from this Court and Plaintiff's counsel. They will continue to do so until held accountable for their actions.

### IV. Conclusion

The Chansons and their undisclosed ghost-writer have engaged in serious and ongoing misconduct before the Court. The comparison between the ghost-writer's submissions (ECF 9, 12, 16, and 20) and Eric Chanson's actual *pro se* submissions (ECF 18, 24) starkly reveal the assistance the Chansons have enlisted from their ghostwriter. According to the precedent of district courts in this state and elsewhere, their ghost-written submissions, ECF 9, 12, 16, and 20 should be stricken.

Additionally, the Chansons have retained counsel to represent them in this matter, as Amy Chanson would not discuss this case with Plaintiff's counsel without her attorney present. However, that attorney has not appeared in this action. Nor has he or she signed any of the filings made before the Court despite apparently writing them. This conduct is prejudicial to the administration of this case, as Plaintiff's counsel cannot communicate with parties reasonably believed to be represented by counsel – but, like the Court, have been intentionally deprived of that counsel's identity.

The Court should issue an order to show cause why Amy and Roy Chanson, and their attorney, should not be sanctioned for such gamesmanship, with ongoing sanctions for the failure to identify the attorney writing these filings to the Court, and/or sanctions upon the identified attorney should he or she fail to appear on behalf or his or her clients. Additionally, Plaintiff's request that the unidentified ghost-writer be required to pay the reasonable attorneys' fees and costs of Plaintiff's counsel in bringing this motion.

13

Dated: September 12, 2013	Respectfully submitted,

/s/ Marc J. Randazza  
Marc. J. Randazza  
Randazza Legal Group  
3625 S. Town Center Drive  
Las Vegas, NV 89135  
888-667-1113  
305-437-7662 (fax)  
ecf@randazza.com


/s/ H. Louis Sirkin  
H. Louis Sirkin, Ohio Bar No. 24573  
Santen & Hughes, LLP  
600 Vine Street, Suite 2700  
Cincinnati, OH 45202  
513-721-4450  
HLS@santen-hughes.com


*Attorneys for Plaintiff,*  
*Jane Doe*

## Certificate of Service

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Eric S. Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Blue Mist Media LLC
d/b/a YouGotPosted
c/o Domains by Proxy, LLC
1747 N. Northsight Blvd.
Suite 111, PMB 309
Scottsdale, AZ 85260

Kevin Bollaert
1765 Garnet Avenue 27
San Diego, CA 92109

Dated: Sept. 12, 2013

_____
Employee, Randazza Legal Group