IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JANE DOE, through her father JOHN DOE, | : | |
| Plaintiff, | : | |
| vs. | : | |
| | : | Case No.: 2:13-cv-00486-GLF-MRA |
| KEVIN C. BOLLAERT, an individual; ERIC S. CHANSON, an individual; | : | Judge Gregory L. Frost |
| ROY E. CHANSON, an individual; AMY L. CHANSON, an individual; BLUE | : | **PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO ROY AND AMY CHANSON'S REPLY IN SUPPORT OF MOTION TO DISMISS** |
| MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a | : | |
| "YOUGOTPOSTED"; and "JOHN DOE," an individual, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE SUR-REPLY TO ROY AND AMY CHANSON'S REPLY IN SUPPORT OF MOTION TO DISMISS**

Plaintiff, Jane Doe, through her father John Doe, hereby files this reply brief in support of her pending motion for leave to file a sur-reply (ECF 23) to Defendants Roy and Amy Chanson's (the "Chansons") motion to dismiss (ECF 9).

**I.        Introduction**

Plaintiff has requested leave to file a sur-reply in order to clarify and correct misstatements and inaccuracies contained within the Chansons' reply brief in support of their motion to dismiss for lack of personal jurisdiction (ECF 20).   The Chansons' opposition (ECF 39) does not argue why such a sur-reply would be improper.   It instead re-iterates the Chanson's opinion of this case.   However, the Chansons' submission once again obfuscates and distorts the facts before the Court.   This reply brief is filed in order

to clarify the issues argued in the Chansons' response (ECF 39).  The persisting disconnect between the Chansons' claims and the evidence Plaintiff has submitted (and will continue to submit) to the Court warrants leave for Plaintiff to file her proposed sur-reply (ECF 23-1).

## II.    Argument

The Court should grant leave for Plaintiff to file her proposed sur-reply brief.  The proposed sur-reply was submitted to rebut the Chansons' claims within their reply brief (ECF 20).  As set forth in the sur-reply, a number of the Chansons' claims relevant to jurisdiction are contradicted by other evidence, which is probative to the Court's decision on their pending motion to dismiss (ECF 23-2, 23-3, 23-4, 23-5).  First, Plaintiff's evidence contradicts the Chansons' claims of total ignorance regarding the YouGotPosted/UGotPosted site.  Second, Plaintiff's evidence further calls into question Roy and Amy Chanson's credibility, and whether the Court may credit the claims within their motion to dismiss and supporting declarations.

The Chansons do not argue why the Court should not exercise its discretion to accept Plaintiff's sur-reply.  To that end, the Chansons may be deemed to have consented to Plaintiff's motion, and it should be granted automatically.  However, Plaintiffs believe it is necessary to point out additional discrepancies between the Chansons' latest filing and the evidence on record in this case.[1]

//

//

---

[1] Plaintiff shall respond only to specific factual and legal issues raised in the Chansons' filing.  If the Court requests clarification as to any specific claim or portion of the Chansons' opposition, Plaintiff's counsel will readily comply.

2

### A. Ryan Gile's E-mails Are Admissible to Show the Chansons' Knowledge of the YouGotPosted/UGotPosted Sites.

Plaintiff submitted Ryan Gile's e-mails on behalf of his clients, the Chansons (ECF 23-4, 23-5), to the Court for a proper and admissible purpose. Roy and Amy Chanson claimed they never heard of YouGotPosted/UGotPosted until after this lawsuit was filed on May 21, 2013 (ECF 2) and served upon them July 5, 2013 (ECF 19). This stands in contrast to Ryan Gile's e-mails, dated May 7, 2013, in which he represented the Chansons in a Nevada case based on the YouGotPosted/UGotPosted sites, and inquired about an *entirely different* Michigan action against the Chansons also based on the YouGotPosted/UGotPosted sites (ECF 23-4, 23-5).

Ryan Gile's e-mails are not used to establish that the Chansons are liable for running the sites. The e-mails are also not offered to show that Plaintiff's claims are valid, or that the Chansons' defenses are invalid. The portions of the e-mails that related to specific settlement demands have been redacted as well (ECF 23-4, 23-5). Instead, the e-mails are offered for the limited purpose of showing the Chansons' claim that they had no knowledge of the site prior to the filing and service of this action is inaccurate.

When confronted with a nearly identical issue, the United States Court of Appeals for the Seventh Circuit held that ordinarily settlement-privileged communication was "properly presented [to the trial court] to rebut defendants' assertion that they had not been aware of the issues until the suit was filed." *Breuer Elec. Mfg. Co. v. Toronado Sys. of Am., Inc*., 687 F.2d 182, 185 (7th Cir. 1982), *accord York v. Ferris State Univ*., 36 F. Supp. 2d 976, 980 (W.D. Mich. 1998) (admitting evidence labeled as settlement-privileged when not offered to prove a defendant's liability or the invalidity of a

plaintiff's claim, and further finding that evidence was offered for the purpose of showing defendants' motives for conduct within litigation).

Based on this rationale, the e-mails are admissible. The redacted e-mails demonstrate only that the Chansons knew of YouGotPosted/UGotPosted well before this litigation was filed and served on them, contrary to their representations to this Court. Because these e-mails show only that the Chansons in fact had knowledge of the sites, they are not submitted as evidence on the ultimate question of liability and are admissible under Federal Rule of Evidence 408(b) (allowing admission of settlement communications for "another purpose").

**B.      The Chansons' Opposition Does Not Address the Call Where Amy Chanson Stated That She Needed Her Attorney Present.**

The Chansons next attempt to lead the Court to believe that Amy Chanson never said she needed to speak to "my lawyer" (ECF 27-1).  The Chansons reference a prior phone call between Mr. Randazza and Amy Chanson, wherein Amy Chanson claims she never said she specifically had an attorney.  However, the ambiguity of Amy Chansons' language during the first phone call – in which she claims she needed "an attorney" present (ECF 39 at 2) – necessitated another call to clarify whether the Chansons retained counsel, wherein Amy Chanson acknowledged she had an attorney (ECF 27-1 ¶ 5).

The Chansons acknowledge the second phone call occurred (ECF 39 at 2), but they do not discuss its contents.  The second call's focus was on determining whether or not the Chansons had retained counsel, to whom all communications needed to be addressed (ECF 27-1 ¶¶ 4-6).  During that call's brief duration, Amy Chanson clearly and repeatedly stated "I need my lawyer present" (ECF 27-1 ¶ 5).

4

Based on this second phone call, and Amy Chanson's specific statements that she (and presumably the rest of her family) had retained counsel, there is some question as to whether Plaintiff's counsel can communicate with the Chansons.  It is telling that the Chansons rely only on Amy Chanson's choice of words in the first phone call with Mr. Randazza to show that they have not retained counsel.  However, the Chansons do not have any response to the second phone call, wherein Amy Chanson repeatedly stated that she has a lawyer who would need to be present on the call.[2]

### C.    The Chansons' Opposition (ECF 39) Is Further Evidence That An Undisclosed Attorney Wrote Their Motion To Dismiss, Reply Brief, and Motion for Sanctions.

The differences between the Chansons' ostensibly *pro se* motion to dismiss, reply brief in support of it, their supporting declarations, and their motion for sanctions (ECF 9-11, 16, 20-22), and their latest *pro se* opposition brief (ECF 39), are manifold and striking.  The dissimilarities run from the different line spacing, the different fonts used, the lack of formatting and digital page numbers, the absence of legal authority and thoroughly bluebooked citations, to the absence of the caption itself from the latest filing. These differences make it impossible for anyone with legal training to believe they were all written by the same person, or limited group of people.

Ignoring the substance of these filings (ECFs 9-11, 16, 20-22, 39) and considering only their formatting, the disparities between the Chansons' earlier filings and this opposition (ECF 39) indicate that the Chansons' earlier briefs were written with substantial outside assistance.  If the Chansons had actually written their earlier briefs (ECFs 9-11, 16, 20-22), they would still have access to those files and be able to use the

---

[2] At this time, that attorney's identity is not known, and he or she has not appeared in this case.

same caption, fonts, and formatting. At minimum, if the Chansons had actually drafted their earlier filings, they would at least be able to recreate their templates anew. This issue is more thoroughly addressed in Plaintiff's pending motion to strike and motion for order to show cause (ECF 27/28). Nonetheless, the contrast between the Chansons' thoroughly researched reply brief and this opposition to the Plaintiff's motion for leave – both of which the Chansons signed – illustrates the credibility gap that the Court must account for in analyzing the Chansons' claims within their motion to dismiss.

### III. Conclusion

For the foregoing reasons, the Court should grant Plaintiff leave to file its proposed sur-reply (see ECF 23). As set forth above, the Plaintiff's sur-reply will be useful to the Court in analyzing the Chansons' claims in their pending motion to dismiss and supporting reply brief.

//

//

//

//

//

Dated: September 30, 2013                    Respectfully submitted,

                                              /s/ Marc J. Randazza
                                              Marc. J. Randazza
                                              J. Malcolm DeVoy IV
                                              Randazza Legal Group
                                              3625 S. Town Center Drive, Suite 150
                                              Las Vegas, NV 89135
                                              888-667-1113
                                              305-437-7662 (fax)
                                              ecf@randazza.com

/s/ H. Louis Sirkin
H. Louis Sirkin, Ohio Bar No. 24573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com


*Attorneys for Plaintiff,*
*Jane Doe*

7

## Certificate of Service

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the

foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Eric S. Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Kevin Bollaert
1765 Garnet Avenue # 27
San Diego, CA 92109

Dated: September 30, 2013

Employee, Randazza Legal Group

8