IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JANE DOE,

  **Plaintiff,**

  v.

KEVIN C. BOLLAERT, et al.,

  **Defendants.**

Case No. 2:13-cv-486
JUDGE GREGORY L. FROST
Magistrate Judge Mark R. Abel

### *NUNC PRO TUNC* ORDER

  This matter is before the Court for consideration of numerous pending motions: (1) a motion to dismiss (ECF No. 9) filed by defendants Roy and Amy Chanson; (2) a motion to dismiss (ECF No. 12) filed by defendant Eric Chanson; (3) a motion for Rule 11 sanctions (ECF No. 16) filed by defendants Roy and Amy Chanson; (4) a motion for leave to file a sur-reply (ECF No. 23) filed by Plaintiff; (5) a motion to strike or, in the alternative, motion to show cause (ECF No. 27) filed by Plaintiff; and (6) a second motion to strike or, in the alternative, motion to show cause (ECF No. 28) filed by Plaintiff. In reviewing these motions, the Court has arrived at two basic conclusions.

  The first conclusion is that the docket is in need of correction. For example, one problematic filing on the docket is a July 29, 2013 document that is captioned "Defendant Eric S. Chanson's Motion to Dismiss." (ECF No. 8.) That caption has resulted in the document appearing as a pending motion on the electronic docket, but examination of the document reveals that it is not a motion. Rather, the document is a Declaration by Eric Chanson filed to support his subsequently filed motion to dismiss. (ECF No. 12.) The motion to dismiss is listed on the electronic docket not as a pending motion, but as a memorandum in support of ECF No. 9, which

is itself described as a motion to dismiss by Eric Chanson.  ECF No. 9, however, is not a motion to dismiss filed by Eric Chanson, but a motion to dismiss filed by his parents.  The next two documents to appear on the electronic docket, ECF Nos. 10 and 11, are described as affidavits from Roy E. Chanson and Amy L. Chanson, respectively.  Neither document is an affidavit, however; both documents are declarations.

Thus, out of the first twelve documents filed in this case, four are incorrectly described on the docket.  The Clerk shall correct the docket so that it reflects that (1) ECF No. 8 is a declaration and not a motion, (2) ECF No. 10 is a declaration and not an affidavit, (3) ECF No. 11 is a declaration and not an affidavit, and (4) ECF No. 12 is a motion to dismiss that is unrelated to ECF No. 9.

Elsewhere on the docket, Eric Chanson filed a September 4, 2013 letter that is accompanied by various documents.  (ECF No. 24.)  The apparent intent of this filing is to supplement his August 28, 2013 reply memorandum.  (ECF No. 18.)  The Local Civil Rules explain that such letters to the Court are inappropriate and disfavored.  *See* S. D. Ohio Civ. R. 7.2(c).  Even if the Court were to treat the letter as a supplemental memorandum, the Local Civil Rules do not permit the filing of such a supplemental memorandum without leave of court upon good cause shown.  *See* S. D. Ohio Civ. R. 7.2(a)(2).  Because Eric Chanson did not obtain leave to file the September 4, 2013 letter/memorandum and its attachments, the Court **STRIKES** that filing.  (ECF No. 24.)

The last docket issue warranting discussion is related to Plaintiff's motion that asks this Court to strike various filings by Roy and Amy Chanson and the motion to dismiss of Eric Chanson.  (ECF No. 27.)  Plaintiff's motion alternatively asks this Court to issue an order

requiring Roy and Amy Chanson to show cause why sanctions are not appropriate against them and their alleged undisclosed attorney. The basis for this motion is Plaintiff's contention that an undisclosed attorney engaged in ghost-writing of various filings by Defendants. Six minutes after filing the motion to strike (ECF No. 27), Plaintiff then filed it again (ECF No. 28). There is no need for both identical motions to appear as pending on the electronic docket. Accordingly, the Clerk shall indicate on the docket that the Court **DENIES AS MOOT** the redundant second motion. (ECF No. 28.)

Having clarified what is properly before the Court, this Court turns to the second conclusion reached as a result of reviewing the pending motions and recognizes that an in-court hearing is needed on Plaintiff's motion to strike. As noted, Plaintiff has alleged that Roy Chanson, Amy Chanson, and Eric Chanson have all utilized an attorney or layperson ghostwriter in connection with multiple filings. *See* ECF Nos. 9, 12, 16, 20. Review of these filings certainly suggests that Plaintiff's contention is correct. This is problematic because "[t]he federal courts have almost universally condemned ghostwriting." *Evangelist v. Green Tree Servicing, LLC*, No. 12-15687, at *3 n.5 (E.D. Mich. May 31, 2013) (collecting cases condemning the practice of ghostwriting). *See also Ostevoll v. Ostevoll*, No. C-1-99-961, 2000 WL 1611123, at *9 (S.D. Ohio Aug. 16, 2000) ("Ghostwriting of legal documents by attorneys on behalf of litigants who state that they are proceeding pro se has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court."). Also problematic is the fact that Roy Chanson, Amy Chanson, and Eric Chanson have failed to file a response to Plaintiff's motion to strike.

Therefore, in order to resolve the issue, the Court schedules an in-court hearing on the

motion to strike for October 21, 2013, at 9:00 a.m. in Courtroom 5. At the hearing, the Court will permit Plaintiff, Roy Chanson, Amy Chanson, and Eric Chanson to present testimony and other evidence on the ghostwriting issue. The Court will not entertain oral argument on the other pending motions, which the Court holds in abeyance until disposition of the ghostwriting issue.

    This Court recognizes that Roy Chanson, Amy Chanson, and Eric Chanson previously failed to appear for a scheduling conference before the Magistrate Judge. (ECF No. 38, at Page ID # 390.) A failure to appear at the hearing will result in the possible imposition of any and all available sanctions, including but not limited to the entry of default judgment as appropriate.

    **IT IS SO ORDERED**.

                                           /s/ Gregory L. Frost
                                           GREGORY L. FROST
                                           UNITED STATES DISTRICT JUDGE