**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

JANE DOE, through her father JOHN DOE, :

Plaintiff, :

vs. :

KEVIN C. BOLLAERT, an individual; ERIC S. CHANSON, an individual; ROY E. CHANSON, an individual; AMY L. CHANSON, an individual; BLUE MIST MEDIA, LLC, a limited-liability company of unknown origin, d/b/a "YOUGOTPOSTED"; and "JOHN DOE," an individual,

Defendants.

Case No.: 2:13-cv-00486-GLF-MRA

Judge Gregory L. Frost

**PLAINTIFF'S RULE 26(f) REPORT**

**PLAINTIFF'S RULE 26(f) REPORT**

Plaintiff, Jane Doe, through her father John Doe, hereby files Rule 26(f) report, with the notice to the Court regarding its form, as follows:

## I. Introduction

Despite this Court's order for the parties to file a joint Rule 26(f) report, Defendants Roy and Amy Chanson have elected to file their own report, attached as Exhibit A.[1] Because of the pending issue of whether Roy and Amy Chanson have improperly submitted ghost-written pleadings to the Court and are actually represented by counsel, there is a question as to whether Plaintiff's counsel may properly

[1] Roy and Amy Chanson's Rule 26 report was served on Plaintiff's counsel by mail and apparently transmitted to the Court, but it is not yet in the Court's ECF system. For ease of reference, Plaintiff has attached a true and correct copy of their report to this filing as Exhibit A. As of this time, Defendant Eric Chanson, who has appeared in this litigation, has not submitted a scheduling report.

communicate with any of the Chansons.[2] Plaintiff's counsel is willing to have a joint meeting with the Chansons' counsel once his or her identity is disclosed, or with the Defendants directly upon order of this Court. This report is Plaintiff's attempt to, under the circumstances, supply the Court with a joint report when read in conjunction with Roy and Amy Chanson's report.

## II. Rule 26(f) Report

### 1. Meeting of the Parties

For the reasons specified in Section I, the parties have not been able to meet to prepare this report. A meeting between the parties would be proper after the Court rules on Plaintiff's pending motion to strike (ECF 27), definitively resolving the issue as to whether the Chansons are represented by counsel and if Plaintiff's counsel may communicate with them directly. Upon the resolution of that issue, Plaintiff is willing to conduct a meeting with the Chansons or their disclosed counsel and submit an updated report.

### 2. Consent to Magistrate Judge

Plaintiff **does not** consent to the use of a magistrate judge to resolve this dispute. Thus, not all parties consent to the adjudication of this matter by a magistrate.

### 3. Initial Disclosures

The parties have not exchanged initial disclosures. Plaintiff anticipates making initial disclosures with Defendants within 14 days of the Court deciding the pending motions to dismiss (ECFs 9, 12) and motion to strike and motion for order to show cause

[2] Additionally, Roy and Amy Chanson refuse to communicate with Plaintiff's counsel. (ECF 33 ¶ 4) Judicial intervention may necessary for the parties to proceed, and likely will be rendered at the hearing this Court has scheduled for October 21, 2013 (ECF 43).

(ECF 27/28). The resolution of those motions may lead to the Chansons' submissions being stricken from the record, necessitating their filing of new responsive pleadings. In the alternative, if the Chansons' motions are successful, the action will be terminated. Regardless, Plaintiff believes these issues should be decided before making any initial disclosures.

**4. Jurisdiction and Venue**

**a. Contested issues relating to subject matter jurisdiction, personal jurisdiction and/or venue:**

Defendants Eric, Roy, and Amy Chanson have filed motions to dismiss for lack of personal jurisdiction (ECFs 9, 12), which are fully briefed. No Defendant has raised any issue as to venue or subject matter jurisdiction. Plaintiff's positions are: that this Court has subject matter jurisdiction over the dispute under 28 U.S.C. § 1331; that the Court has personal jurisdiction over all the Defendants; and that venue is proper because of the publication of the lewd and lascivious images of Plaintiff, a minor, and subsequent injury within this district

**b. Discovery necessary to the resolution of issues relating to jurisdiction and venue:**

Plaintiff has fully briefed Defendants' motions to dismiss (ECFs 9, 12). At this time, Plaintiff believes no further discovery is necessary. Plaintiff is prepared to engage in any jurisdictional discovery requested or required by the Court.

   **c. Recommended date for filing motions addressing jurisdiction and/or venue:**

Plaintiff believes that all motions to address jurisdiction and venue have been filed. Thus, no more jurisdictional or venue-based motions are anticipated.

**5. Amendments to Pleading and/or Joinder of Parties**

**a. Recommended date for filing motion/stipulation to amend the pleadings or to add additional parties:**

Plaintiff proposes a cut-off date for amending the pleadings of December 15, 2013.

**b. This is not a class action case, and no recommended date is needed for a motion seeking class certification.**

**6. Recommended Discovery Plan**

**a. Subjects on which discovery is to be sought and the nature and extent of discovery that each party will need:**

Plaintiff anticipates seeking discovery into the operation, ownership, and activities of the YouGotPosted/UGotPosted sites. Plaintiff believes this will require written discovery and the production of electronic records, including but not limited to re-creations of the YouGotPosted/UGotPosted sites; e-mails, SMS text messages, and messages exchanged on services such as Skype, Kik, or any other messenger service among and between Defendants; and depositions of each of the Defendants. Plaintiffs will also seek the production, copying, and physical inspection of the Defendants' hard drives for all computers and devices used in the operation of the YouGotPosted/UGotPosted site. Plaintiff will also seek communications between the

Defendants and third parties concerning the site with respect to the post containing the lewd and lascivious images of Plaintiff as a minor. Plaintiff will also seek Defendants' communications with other individuals as necessary to establish Defendants' control and solicitation of, and contributions to, the YouGotPosted/UGotPosted site's content.

**b. What changes should be made, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the local rules of this Court?**

The only limitations on discovery anticipated in this case are memorialized in Plaintiff's motion for protective order and Order granting the same (ECFs 3, 5). This order prohibits the parties from disclosing Plaintiff's legal name in any public documents. As the litigation proceeds, Plaintiff reserves the right to request further relief from the Court consistent with its protective order (ECF 5) in order to ensure Plaintiff's anonymity as a minor in this case.

**c. This case presents the following issues relating to the disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:**

Much of the discovery in this case will come from hard drives used from April 2012, when the YouGotPosted/UGotPosted's site (previously found at <isanyoneup.net>) was founded, through the present. It is likely that Plaintiff will retain an expert to sort, organize, and analyze this data. Plaintiff's expert shall also examine the produced data for defalcation or alteration. Additionally, many electronically stored documents relevant to discovery will be sought from the Defendants and other third parties. For the convenience of all parties and non-parties, Plaintiff anticipates requesting the production

of all electronically stored data in PDF format, to the extent it can be displayed in such a manner.

    **d. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:**

This case does not present any anticipated questions of privilege or protection of trial preparation materials. Plaintiff's identity is the only information anticipated to need protection, which has been addressed by the protective order Plaintiff requested and the Court has granted.

    **i. Procedure to assert claims of privilege after production.**

At this time, Plaintiff believes no procedure is needed to assert any privilege in produced materials after production.  This Court's protective order will prohibit all parties from disclosing Plaintiff's identity and impose appropriate penalties on any Defendant to do so.

    **e. Discovery that can be deferred pending settlement discussion and/or resolution of potentially dispositive motions:**

Plaintiff believes that discovery should not begin until after the Chansons' dispositive motions are decided.  Plaintiff also believes that discovery should not be deferred pending settlement discussions.  It is Plaintiff's view that the facts to be established in discovery will alter both parties' settlement positions.

    **f. The parties do not recommend that discovery should proceed in phases.**

Plaintiff does not recommend that discovery should proceed in phases.

**g. Areas in which expert testimony is expected and indicate whether each expert will be specially retained within the meaning of Fed. R. Civ. P 26(a)(2):**

Plaintiff expects retaining an expert to examine the hard drives from the Defendants' computers. Plaintiff expects that the Defendants' computers have had important files deleted – a process that Defendants may have attempted to conceal – or have had their storage otherwise altered to create the appearance of non-participation in the YouGotPosted/UGotPosted sites. Plaintiff's expected expert will be able to read the overwritten electronically stored data on Defendants' computers and determine whether these hard drives have been tampered with or otherwise altered to conceal evidence. This expert will also be able to opine on the computers' use in the YouGotPosted/UGotPosted sites based on their data records, including deleted or overwritten data.

**i. Recommended date for making primary expert designations:**

Plaintiff proposes designating primary experts 60 days before the close of discovery, or March 16, 2013.

**ii. Recommended date for making rebuttal expert designations:**

Plaintiff proposes designating primary experts 30 days before the close of discovery, or April 15, 2013.

**h. Recommended discovery completion date.**

Plaintiff proposes a seven-month discovery period on account of the pending motions and how they may affect the progression of this case (ECFs 9, 12, 27). Plaintiff proposes a discovery cut-off date of May 15, 2014. As set forth above and in Section 10 of this report, discovery will be difficult until the Court resolves the issue of the

Chansons' representation and Plaintiff's counsel's ability to directly communicate with those Defendants.

**7. Dispositive Motions**

**a. Recommended date for filing dispositive motions:**

Plaintiff proposes a cutoff date for dispositive motions 30 days after the close of discovery, or June 15, 2013.

**8. Settlement Discussions**

**a. Settlement demand and response**

Plaintiff has not yet made a settlement demand of any Defendant.

**b. Date by which a settlement demand can be made**

Plaintiff anticipates making a settlement demand after the decision of the pending motions to dismiss (ECFs 9, 12) and motion to strike (ECF 27).

**c. Date by which a response can be made**

Plaintiff is unaware of Defendants' ability to assess and respond to settlement demands, but anticipates that they would be able to respond to a settlement demand within one week of receiving Plaintiff's.

**9. Settlement Week Referral**

The earliest Settlement Week reasonably likely to be productive is the March 2014 Settlement Week.

**10. Other Matters for the Attention of the Court**

The most significant issue affecting Plaintiff's ability to proceed in discovery is the representation of Eric, Roy, and Amy Chanson, or lack thereof. As Plaintiff has apprised the Court, she strongly believes that Roy and Amy Chanson have retained

counsel to operate in the background while receiving the benefit of the doubt the Court accords to *pro se* litigants (ECF 27).[3] The Chansons have also indicated to the Court that they will refuse to communicate with Plaintiff's counsel (ECF 33 ¶ 4; see Exhibit A at 1 § 1). Whether requiring Defendants' attorney to enter an appearance in the case, or entering an order expressly authorizing Plaintiff's counsel to contact the Chansons so as to conclusively avoid any ethical issues, judicial intervention is needed for the discovery process to proceed efficiently.

Dated: October 11, 2013

Respectfully submitted,

/s/ Marc J. Randazza

Marc. J. Randazza
J. Malcolm DeVoy IV
Randazza Legal Group
3625 S. Town Center Drive, Suite 150
Las Vegas, NV 89135
888-667-1113
305-437-7662 (fax)
ecf@randazza.com

/s/ H. Louis Sirkin

H. Louis Sirkin, Ohio Bar No. 24573
Santen & Hughes, LLP
600 Vine Street, Suite 2700
Cincinnati, OH 45202
513-721-4450
HLS@santen-hughes.com

*Attorneys for Plaintiff,*
*Jane Doe*

[3] Plaintiff recognizes that the Court has identified this issue and scheduled a hearing regarding the same on October 21, 2013 (ECF 43). Plaintiff believes this hearing will resolve the issue facing the Court and Plaintiff's counsel.

**Certificate of Service**

Pursuant to the Federal Rules of Civil Procedure 5(b), I hereby certify that the foregoing document was served upon all other parties via U.S. Mail:

Roy and Amy Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Eric S. Chanson
21 Coneflower Lane
Princeton Junction, NJ 08550

Kevin Bollaert
1765 Garnet Avenue # 27
San Diego, CA 92109

Dated: October 11, 2013

Employee, Randazza Legal Group