**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JANE DOE,**

       **Plaintiff,**

                           **Case No. 2:13-cv-486**

     **v.**                         **JUDGE GREGORY L. FROST**

                                    **Magistrate Judge Mark R. Abel**

**KEVIN C. BOLLAERT, et al.,**

       **Defendants.**

**<u>ORDER</u>**

On September 12, 2013, Plaintiff filed a motion to strike or, in the alternative, motion to show cause. (ECF No. 27.) This filing asserts that Defendants Roy Chanson, Amy Chanson, and Eric Chanson have filed numerous ghostwritten documents while asserting that they are proceeding *pro se*. Plaintiff asks the Court to strike the documents involved and to impose various additional sanctions.

After the Court scheduled the matter for a hearing (ECF No. 43), Roy and Amy Chanson filed a response in which they admitted that they employed an offshore company to write the documents that they had filed as purportedly *pro se* defendants. (ECF No. 46.) Eric Chanson then filed a similar response in which he also admitted to using the same offshore company to write his motions. (ECF No. 49.) In light of these admissions, the Court vacated the scheduled hearing and indicated that it would proceed to address the ghostwriting issue on the paper submissions of the parties. (ECF Nos. 48, 50.) Most recently, Roy and Amy Chanson have filed a "motion" asking the Court to consider why they felt the need to employ ghostwriters. (ECF No. 51.) The Court has read and considered the motion, which is more a supplemental memorandum than a motion. That document further explains but fails to excuse the conduct

involved.  The Clerk shall terminate the "motion" on the docket.  (ECF No. 51.)

As this Court has previously noted,  "[t]he federal courts have almost universally condemned ghostwriting."  *Evangelist v. Green Tree Servicing, LLC*, No. 12-15687, 2013 WL 2393142, at *3 n.5 (E.D. Mich. May 31, 2013) (collecting cases condemning the practice of ghostwriting).  *See also Ostevoll v. Ostevoll*, No. C-1-99-961, 2000 WL 1611123, at *9 (S.D. Ohio Aug. 16, 2000) ("Ghostwriting of legal documents by attorneys on behalf of litigants who state that they are proceeding pro se has been held to be inconsistent with the intent of procedural, ethical and substantive rules of the Court.").  The Court also recognizes, however, that some courts and bar associations have been more accepting of ghostwriting to various degrees, especially when it involves relatively simple documents.  *See In re Fengling Liu*, 664 F.3d 367, 370-71 (2d Cir. 2011).  This Court is not accepting of the practice in light of the circumstances this case presents.

The Court incorporates by reference the relevant portion of the analysis of *Evangelist* (and the cases cited therein) and *Ostevoll* in finding that the conduct of Roy Chanson, Amy Chanson, and Eric Chanson runs afoul of acceptable practices here.  The incorporated analysis is limited to those points relevant to the *pro se* Roy Chanson, Amy Chanson, and Eric Chanson and thus does not include points such as the discussion in those cases regarding ghostwriting and Federal Rule of Civil Procedure 11.  Moreover, in light of the absence of controlling precedent on the issue, the Court declines to impose monetary sanctions or to pursue the ghostwriting issue further unless subsequent conduct necessitates additional action.

As a result of the foregoing, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to strike or, in the alternative, motion to show cause.  (ECF No. 27.)  This

2

Court **STRIKES** the following filings: the motion to dismiss (ECF No. 9) filed by Roy and Amy Chanson, the motion to dismiss (ECF No. 12) filed by Eric Chanson, and the motion for Rule 11 sanctions (ECF No. 16) filed by Roy and Amy Chanson.  Because all briefing related to the stricken motions is irrelevant, the Court also **DENIES AS MOOT** Plaintiff's motion for leave to file a sur-reply.  (ECF No. 23.)

The Court **ORDERS** that Roy Chanson, Amy Chanson, and Eric Chanson shall file their responsive pleadings within 14 days of the filing of this Order.  If Roy Chanson, Amy Chanson, and Eric Chanson again file ghostwritten materials, the Court will impose sanctions for those filings and may revisit the sanctions the Court has considered but declined to impose today. Defendants shall also refrain from sending documents that they wish to file on the docket to Chambers and shall instead follow the procedures for proper filing with the Clerk's Office.

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE