**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JANE DOE,**

        **Plaintiff,**

                              **Case No. 2:13-cv-486**
     **v.**                        **JUDGE GREGORY L. FROST**
                               **Magistrate Judge Mark R. Abel**

**KEVIN C. BOLLAERT, et al.,**

        **Defendants.**

**<u>OPINION AND ORDER</u>**

This matter is before the Court for consideration of the motion to dismiss (ECF No. 62) filed by Defendants Amy Chanson and Roy Chanson ("the Chansons") and a memorandum in opposition (ECF No. 64) filed by Plaintiff, Jane Doe. For the reasons that follow, this Court finds the motion not well taken.

The Chansons title their motion as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). On November 6, 2013, however, the Chansons filed a document in which they deny the claims in the complaint and raise affirmative defenses; the Court has accepted the filing as an answer. (ECF No. 53.) This is important because a party cannot file a Rule 12(b)(6) motion after filing an answer. *See* Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Thus, the Court construes the Chansons' motion as a Rule 12(c) motion. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings.").

The correct description of the Chansons' motion is largely an issue of technical semantics addressed here for purposes of maintaining a clear record. There is no substantive distinction

between the two types of motions; Rule 12(c) requires that this Court review the motion in the same manner in which the Court would review a motion made under Rule 12(b)(6). *Ferron v. Zoomego, Inc.*, 276 F. App'x 473, 475 (6th Cir. 2008); *Vickers v. Fairfield Med. Ctr.*, 453 F.3d 757, 761 (6th Cir. 2006).  That review mandates that the Court accept all the material allegations of Plaintiff's complaint as true and ask whether these allegations present sufficient factual matter to state a claim to relief that is plausible on its face.  *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 713 (6th Cir. 2013).  If the Court concludes that the factual allegations allow a reasonable inference that the Chansons are liable for the alleged misconduct, then the Court must deny the motion.  *Id.* at 713-14.

In seeking judgment on the pleadings, the Chansons assert that they have no affiliation or involvement with the business described in the complaint.  In an apparent effort to support this contention, the Chansons have offered an affidavit from Defendant Eric Chanson, various emails, a printout of what appears to be a United States Patent and Trademark Office web page, and a document titled Trademark Assignment Agreement.  (ECF No. 62-1.)

Plaintiff opposes the motion.  She first argues that the filing of a Rule 12(b)(6) motion is improper given the Chansons' prior filing of an answer.  Because the Court has properly construed the motion as one for judgment on the pleadings, however, Plaintiff's first reason for dismissal is unpersuasive.  Plaintiff next argues that denial of the motion is warranted because even if the Court considers the motion, the Chansons have relied upon evidence extrinsic to the pleadings.  Plaintiff also requests that if the Court considers the attachments, this Court provide her with the opportunity to respond to the motion "at the Court's direction." (ECF No. 64, at Page ID # 518.)

2

Federal Rule of Civil Procedure 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Such "[c]onversion to summary judgment normally requires notice and an opportunity to respond." *Stratienko v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 402 F. App'x 990, 993 (6th Cir. 2010). Moreover, "[t]his conversion . . . 'should be exercised with great caution and attention to the parties' procedural rights.' " *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th Cir. 2009) (quoting 5C Wright & Miller § 1366). Also notable is that a district court has complete discretion to ignore extrinsic material and decline conversion. *Isquith for & on Behalf of Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 193 n.3 (5th Cir. 1988).

Conversion is not warranted here. Converting the Chansons' motion to a summary judgment motion would be of little value because the Chansons have failed to present the majority of their material in a manner that would permit any actual consideration by the Court. Although the Court could consider public records without conversion, the other extrinsic material would potentially provide necessary relevant context. *See Jones v. City of Cincinnati*, 521 F.3d 555, 562 (6th Cir. 2008). Even if conversion occurred, the various unauthenticated additional material would fail to constitute evidence that satisfies Rule 56(c). This would leave only a portion of the extrinsic material for consideration, and such scanty material weighs against conversion. *See Isquith*, 847 F.2d at 193 n.3. Additionally, conversion would necessitate affording Plaintiff the opportunity to respond with her own summary judgment materials, but Plaintiff has not had the benefit of much discovery at this juncture in the case. Therefore, the Court in its discretion shall consider the Chansons' motion without conversion. *See Heinrich v.*

3

*Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 405 (6th Cir. 2012); *Patterson v. Novartis Pharm. Corp.*, 451 F. App'x 495, 498 (6th Cir. 2011).

Absent the extrinsic evidence, the Chansons have presented no persuasive basis for judgment on the pleadings in light of the fact that the complaint contains facts indicating their involvement and affiliation with the business.  In fact, the Chansons have presented little in the way of substantive argument.  Their motion consists of an introductory clause and four numbered sentences.  This underdeveloped approach lacking any authority does not satisfy the minimum briefing levels set by the Local Civil Rules.  *See* S. D. Ohio Civ. R. 7.2(a)(1) ("All Motions and applications tendered for filing shall be accompanied by a memorandum in support thereof which shall be a brief statement of the grounds, with citation of authorities relied upon.").  It also does not present anything more than conclusory assertions that contradict the factual contentions of the complaint.  Under the mandated Rule 12 analysis, this Court is required to accept the factual allegations of that pleading as true, and those allegations indicate the Chansons' affiliation or involvement with the business described in the complaint.  *See* ECF No. 2 ¶¶ 21, 22, 24, 25, 26, 27 (alleging the Chansons' involvement).  This renders the claims against the Chansons plausible.

The Court therefore **DENIES** the Chansons' Rule 12(c) motion.  (ECF No. 62.)

**IT IS SO ORDERED**.

_____/s/ Gregory L. Frost_____
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE