**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| Jane Doe<br>*Plaintiff* | ) | |
| | ) | Case No. 2:13-cv-00486-GLF-MRA |
| v. | ) | |
| | ) | Judge Gregory L. Frost |
| Kevin C. Bollaer, et al.<br>*Defendants.* | ) | |

**DEFENDANT'S MEMORANDUM CONTRA TO PLAINTIFF'S MOTION TO SUBSTITUTE PARTY PURSUANT TO FED. R. CIV. P. 25(c)**

NOW COMES Defendant Eric Chanson, by and through undersigned counsel, and hereby opposes Plaintiff's Motion to Substitute Party Plaintiff. While Plaintiff seeks to substitute Diamond Mauller for the previously anonymous "Jane Doe" Plaintiff, the motion provides no evidentiary basis for the Court to determine that Diamond Mauller is, in fact, the same individual who initiated this action. Rather, Plaintiff relies solely on counsel's unsworn representation that Diamond Mauller was "formerly identified in these proceedings as 'Jane Doe.'"

Given that this case was filed and litigated under a pseudonym, the Court has no independent means of verifying the identity of the individual now seeking substitution. The motion is unsupported by any affidavit, declaration, testimony, birth record, or other documentation establishing that Diamond Mauller is the same person whose claims were originally asserted in this action. Nor has Plaintiff submitted any evidence, whether publicly or under seal, demonstrating that the proposed substitute is the former minor plaintiff represented by John Doe as next friend.

This omission is significant given that Plaintiff's counsel previously acknowledged difficulty locating the plaintiff. If counsel was at one point unable to identify or locate the individual proceeding as Jane Doe, the Court should require more than counsel's present assurance

before substituting a new named plaintiff nearly thirteen (13) years after the case was filed. At a minimum, the Court should require competent evidence establishing the connection between the anonymous plaintiff and the individual now proposed as her substitute. While there does not appear to be much guidance on this issue, the putative plaintiff should, at a minimum, be required to offer the type of evidence required to support a Civ. R. 60(A) motion.

Plaintiff characterizes the requested substitution as a mere procedural update reflecting that Jane Doe has reached the age of majority. However, before the Court can conclude that the substitution is merely procedural, it must first determine that the proposed substitute is actually the same person.

Accordingly, Defendant respectfully requests that the Court deny Plaintiff's motion without prejudice or, alternatively, require Plaintiff to submit competent evidence establishing that Diamond Mauller is the same individual who previously proceeded in this action as Jane Doe before any substitution is granted.

Respectfully Submitted:

THE BRUNNER LAW FIRM CO., LPA

*/s/ Rick L. Brunner*
Rick L. Brunner (0012998)
5001 Horizons Drive, Ste. 209
Columbus, OH 43220
Email: rlb@brunnerlaw.com
Phone number: 614-241-5550
Fax number: 614-241-5551
*Attorney for Defendant Eric Chanson*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was submitted for filing via the Court's e-Filing system this 20th day of August, 2026, and that service of the foregoing document was made via the Court's e-Filing system upon all counsel of record and parties registered for e-filing.

*/s/ Rick L. Brunner*
Rick L. Brunner (0012998)